THE PEOPLE *ex. rel.* FRANCIS GILMAN *vs.* THE JUDGE OF THE THIRD CIRCUIT.

The intention of the statute, in relation to new trials in ejectment cases, on payment of costs is to give a new trial after a judgment rightfully and regularly obtained. Accordingly where judgment on first trial is reversed for error, second trial had in the Circuit, a third trial may be had on payment of costs, the first trial being treated as a nullity.

### Error to Wayne Circuit.

*Opinion by* CHRISTIANCY, J.—One Hyacinthe Riopelle brought ejectment in the Circuit Court for the county of Wayne, against the relator and recovered judgment. The relator moved said judgment to the Supreme Court by writ of error, where the judgment was reversed. Upon a second trial in the Circuit Court judgment was rendered for the relator. This second judgment Riopelle asked to have vacated, under the first clause of Sec. 4589, *Comp. Laws*, upon payment of costs, simply The Circuit Judge granted the motion, and the relator now applies to this Court for a writ of *mandamus* to compel the vacation of said order.

*Held*, That the intention of the statute was to give the new trial after a judgment regularly and rightfully obtained. The statute was not needed to get rid of a judgment wrongfully or illegally obtained. If it has been wrongfully obtained, as by error of law or fact, it was not a legal and valid judgment, but subject to be reversed, and being reversed, the case stands the same as if no judgment had ever been rendered. The new trial in question is the first new trial under this section. The new trial granted by this Court was not one of the new trials provided by this section. The time does not begin to run till after the first judgment regularly obtained and reversed.

*Mandamus* denied.