## THE PEOPLE v. WILLIAM J. DANE.

[See 79 Mich. 361.]

*Criminal law—Indeterminate sentence—Void sentence—Right to resentence, affirmed.*

1. Act No. 228, Laws of 1889, providing for indeterminate sentences, does not apply to offenses committed *before* the act took effect,

and a sentence of a respondent thereunder, on a conviction for *such* an offense, is a nullity.

2. The imposition of a *void* sentence by a circuit judge does not deprive him of authority to impose a *valid* one, nothing have been done by way of executing the first sentence.

3. As to the right of a circuit judge of Wayne county to act as judge of the recorder's court of Detroit, on request of the recorder, and the presumption as to the making of such request, see *People v. Gallagher*, 75 Mich. 512 (head-notes 7, 8).

Error to recorder's court of Detroit. (Gartner, J., presiding.)   Argued May 1, 1890.   Decided May 16, 1890.

Respondent was convicted of uttering a forged deed, and sentenced to State prison for a term of 14 years, under Act No. 228, Laws of 1889, which sentence was set aside for the reason that said act had not taken effect at the time of the commission of the offense. He was resentenced to State prison for ten years, under How. Stat. § 9214, which last sentence is affirmed. The facts are stated in the opinion.

*Brennan & Donnelly*, for respondent.

*B. W. Huston*, Attorney General, and *James V. D. Willcox*, Prosecuting Attorney, for the people.

CAHILL, J.   The respondent was convicted in the recorder's court of Detroit, October 18, 1889, on the charge of uttering a forged deed. The case was brought to this Court, and affirmed at our last January term. 79 Mich. 361. The case was tried before Hon. George Gartner, circuit judge, sitting as trial judge in the recorder's court. No question was raised on the record, when the case was here before, of the authority of Judge Gartner to preside at the trial; but question is made here of his right to pronounce sentence. If any doubt existed as to his right to sit as judge in the recorder's court upon this trial, it should have been raised when the case was here

first.  Having presided at the trial of respondent, his right
to pass sentence cannot be questioned now.  Besides, this
point was expressly ruled in *People v. Gallagher*, 75 Mich.
512.

On February 1, 1890, respondent was brought before
Judge Gartner, and sentenced to imprisonment at Jack-
son under the provisions of Act No. 228, Laws of 1889,
entitled—

"An act to provide for indeterminate sentences, and
disposition, management, and release of criminals under
such sentence."

The attention of the court being afterwards called to
the fact that the act of 1889 only took effect on October
3, 1889, while the crime with which respondent was
charged is alleged and sworn to have been committed on
September 20, 1888, the court was of the opinion that
the sentence attempted to be imposed on respondent on
February 1 was void as having been imposed under a
law which was not in force at the time of the commis-
sion of the offense of which respondent was convicted.
On February 5 the same judge caused the respondent to
be brought before him, and imposed another sentence,
the formal record of which is as follows:

"At a session of the recorder's court of the city of Detroit held
in and for said city at the court-room of said court on Wednesday,
the fifth day of February, in the year of our Lord eighteen hun-
dred and ninety.

"Present, at the request of the recorder of the city of Detroit
and associate judge thereof, Honorable George Gartner, one of the
judges of the circuit court of the county of Wayne, and acting
judge of the recorder's court of the city of Detroit.

"THE PEOPLE OF THE STATE OF MICHIGAN V.

"WILLIAM J. DANE.

"INFORMATION FOR UTTERING AND PUBLISHING A FORGED INSTRU-
MENT.

"The defendant, on the first instant, having been sentenced by
this court to be committed to the State prison of this State at

Jackson, in the county of Jackson, and therein confined at hard labor for the term of fourteen years, from and including this date, unless sooner discharged by due course of law, and in pursuance of the provisions of Act No. 228 of the Public Acts of 1889, entitled ' An act to provide for an indeterminate sentences, and disposition, management, and release of criminals under such sentence.'

" And it afterwards appearing to the court, and before the execution of said alleged judgment, or any part thereof, that the crime of which the respondent stands convicted was committed prior to the passage of said law, and that the same is void, it is ordered that said alleged judgment be, and the same is hereby, vacated, set aside, and held for naught.

" And the defendant, being brought in open court, and having been asked by the court if he had anything to say why sentence should not be pronounced upon him, having nothing to say, except to formally protest against further proceedings, is sentenced by the court, he being now of the age of twenty-seven, to be committed to the State prison of this State, at Jackson, in the county of Jackson, and therein confined at hard labor, for the term of ten (10) years from and including February 1, A. D. 1890."

The imposition of this sentence is now alleged to be error, on the ground that the original sentence had gone into effect, and five days of the imprisonment under the sentence had passed; that the court had no power at that time to vacate the sentence, because the authority over respondent had passed out of his hands; that any sentence takes effect from the day it is pronounced, and a subsequent sentence, fixing a different term, is a nullity; and we are cited to two late cases in this Court in support of this view: *People v. Meservey,* 76 Mich. 223; *People v. Kelley,* 79 Id. 320. In the cases just cited, it was held that, where a circuit judge had imposed a sentence which was within his authority to impose, he could not afterwards recall the respondent, annul the sentence as imposed, and resentence the prisoner to a longer term. In both these cases there were facts in the record indicating that the circuit judge was influenced to impose a severer sentence upon the respondents by circumstances, which had come to his knowledge after the first sentence, concerning the character or conduct of the prisoners, in

no way connected with the offense of which they had been convicted; and in the *Meservey Case* it was expressly stated that there was some evidence that the trial judge had given the prisoner an additional sentence on account of an alleged attempt to break jail. We do not think those cases are authority for this case. We agree with the judge who imposed the sentence that he had no authority to sentence the prisoner under the act of 1889, and that his attempt to do so in the first instance was an absolute nullity.

It is urged upon us that that act, so far as it relates to this case, was not an *ex post facto* law, for the reason that a law which changes the punishment by mitigating it is not obnoxious to the provision of the Constitution which forbids the passage of *ex post facto* laws. But we cannot say upon this record that the punishment under the act in question mitigates the punishment. It would need to be a very clear case before we could hold that the rule referred to would apply. If the first sentence was a nullity as having been imposed under a law not in force at the time of the commission of the offense with which the respondent was charged, then it may be treated as never having been imposed; and, nothing having been done by way of carrying such sentence into execution, we think the court had the same authority to impose the sentence which was imposed on February 5 that it would have had if the sentence of February 1 had never been attempted.

We are asked by respondent to pass upon the constitutionality of the indeterminate sentence act of 1889, but, as we do not consider it necessary upon this record, we decline to do so.

The judgment must be affirmed.

The other Justices concurred.