LANDON *et al. v.* TOWNSHEND *et al.*

*(Supreme Court, General Term, First Department. March 31, 1892.)*

NEW TRIAL AS OF RIGHT—ACTION TO RECOVER LANDS.

Code Civil Proc. § 1525, provides that, in an action to recover real property, at any time within three years after judgment is rendered, upon the application of the party against whom it was rendered, and upon payment of all costs and damages awarded to the adverse party, the court must make an order vacating the judgment and granting a new trial. *Held,* that when the court of appeals reverses a judgment and grants a new trial, and, the case being again carried up, affirms the judgment, this last judgment is the only valid one, and the period of three years prescribed by the statute begins to run only from the date of such judgment, and that within this period a new trial must be granted as a matter of right, upon the terms prescribed by the Code.

Appeal from special term, New York county.

Action by Charles G. Landon and Henry A. Hurlbut, as executors of the last will and testament of Benjamin H. Hutton, deceased, against Mary N. Townshend, John Townshend, her husband, and Francis G. Wieck, to recover real property. From an order vacating judgment for plaintiffs, and granting a new trial, under Code Civil Proc. § 1525, plaintiffs appeal. Affirmed.

The action was commenced in May, 1885. The first trial before a referee resulted in a judgment for the plaintiffs, from which the defendants appealed to general term, and, the judgment being there affirmed, (44 Hun, 561,) thence to the court of appeals, where they obtained a judgment of reversal and a new trial, (19 N. E. Rep. 424.) From a second judgment for the plaintiffs before a referee, the defendants again appealed to general term, and, the judgment being there affirmed, (14 N. Y. Supp. 522,) thence to the court of appeals, which affirmed the judgment on December 4, 1891, (29 N. E. Rep. 71.)

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*E. H. Landon,* ( *William D. Page,* of counsel,) for appellants.    *John Townshend,* for respondents.

PER CURIAM.    It would appear that the defendant, as matter of right, was entitled to the order in question.    The only valid judgment which was rendered in the progress of the trial was the last judgment which had been affirmed by the court of appeals, and, as a matter of right, the defendants were entitled to have this judgment vacated, and a new trial ordered, upon the terms prescribed by the Code.[1]    Three years not having elapsed from the time of the entry of this judgment, it was immaterial what the defendants did in the mean time in respect to appeals or other proceedings in reference to said judgment.    There seems to be therefore no reason for disturbing the order appealed from, and the same should be affirmed, with $10 costs and disbursements.

---

[1] Code Civil Proc. § 1525, provides that, in an action to recover real property, at any time within three years after judgment is rendered, upon application of the party against whom it was rendered, and upon payment of all costs and damages awarded to the adverse party, the court must make an order vacating the judgment and granting a new trial.