CAMPBELL et al. v. IRON SILVER MIN. CO.

(Circuit Court, D. Colorado. May 20, 1893.)

EJECTMENT—NEW TRIAL AS OF RIGHT.

Under Civil Code Colo. 1887, § 272, which provides that a party against whom a judgment in ejectment is rendered may, by paying the costs before the next term, obtain a vacation of the judgment, but that he can have only one new trial as of right, one who has obtained from the supreme court the reversal of a judgment rendered against him in ejectment, and who has had judgment rendered against him a second time, may have such second judgment vacated on paying the costs, since the judgment referred to in the statute is a valid judgment.

At Law. Action in the nature of ejectment brought by Peter Campbell and others against the Iron Silver Mining Company. Heard on defendant's motion for a new trial as of right under the Colorado statute. Granted.

T. M. Patterson and Clinton Reed, for plaintiffs.
Wolcott & Vaile and F. W. Owen, for defendant.

THOMAS, District Judge.. This is an action in the nature of an ejectment suit to recover the possession of a mining lode. Prior to 1890 the plaintiffs recovered judgment in the action in this court. The case was submitted to the court without a jury. The judgment was reversed by.the supreme court of the United States on writ of error on April 28, 1890, and a new trial granted. Mining Co. v. Campbell, 135 U. S. 286, 10 Sup. Ct. Rep. 765. The second trial of said action was had at the last term of this court, and resulted in a judgment for the plaintiffs, Peter Campbell et al., against the defendant mining company. Before the first day of this term of court the defendant paid all the costs recovered in said judgment at the last term of the court, as aforesaid, and promptly, at the opening of the present term, applied to the court to vacate said judgment, and grant a new trial therein as a matter of right, under and in pursuance of the statute of this state. Section 272, Civil Code 1887. Said statute reads as follows:

"Whenever judgment shall be rendered against either party under the provision of this chapter, it shall be lawful for the party against whom such judgment is rendered, his heirs or assigns, at any time before the first day of the next succeeding term, to pay all costs recovered thereby, and upon application of the party against whom the same was rendered, his heirs or assigns, the court shall vacate such judgment, and grant a new trial in such case; but neither party shall have but one new trial in any case as of right, without showing cause; and, after such judgment is vacated, the cause shall stand for trial the same as though it had never been tried."

The plaintiffs oppose said motion upon the ground that the statute does not apply to the present judgment, and they contend that the statute is only applicable upon the facts herein to the first judgment; that the defendant, having failed to pay the costs before the next succeeding term, after the first judgment was obtained, and then taking a new trial under the statute, has waived its right, and is now concluded by the terms of the statute itself. This contention necessarily raises and involves the question whether or not the intention of this statute was to give the new trial after a judgment regularly and rightfully obtained, or whether it was the intention to conclude the defeated party unless he takes his new trial after the rendition of a judgment, though it is erroneous, and subject to be set aside on motion or reversed on writ of error. In other words, is the defeated party bound to make his election, and take his new trial as of right under the statute, or be concluded from doing so thereafter, although he obtains a reversal of that judgment, and a new trial for error of law and fact, or either? So far as I am advised, the supreme court of this state has not construed this statute in this respect. It is quite apparent that the intention of the statute was to adopt the common-law rule of granting new trials in ejectment cases as a matter of right, with two important limitations, namely, in respect to the number of trials, and the time when they must be taken. The supreme court of

the United States, construing this statute, held that each party against whom, in turn, a verdict might be rendered, shall have a right to one new trial, and also held that the provision is binding on the courts of the United States sitting in the state of Colorado. Equator Min. & Smelt. Co. v. Hall, 106 U. S. 86, 1 Sup. Ct. Rep. 128. That case was certified to the supreme court upon a division of opinion as to whether or not each party, if defeated in the action, was entitled to a new trial under the statute as a matter of right; the finding and judgment having been for the defendant on the first trial, and a new trial had as of right under the statute by the plaintiff, and the finding and judgment being for the plaintiff in the second trial, and an application by defendant for a new trial on his part as matter of right. The question herein was not involved in that case, and reference to it is only made for the purpose of showing that the supreme court held that each party is entitled to one new trial as matter of right. In the discussion of the question involved in that case, leading up to that conclusion, Justice Miller, speaking for the court, said, (106 U. S. 87, 1 Sup. Ct. Rep. 128:)

"A title to real estate has, under the traditions of the common law, been held, in all the states where the law prevailed, to be too important,—we might almost say too sacred,—to be concluded forever by the result of one action between the contesting parties. Hence those states which, by abolishing the fictions of the action at the common law, and substituting a direct suit between the parties actually claiming under conflicting titles, which, according to the nature of this new proceeding, would end in a judgment concluding both parties, have found it necessary to provide for new trials to such extent as each state legislature has thought sound policy to require. These provisions for new trials in actions of ejectment are not the same in all the states, but it is believed that almost all of them which have abolished the common-law action have made provision for one or more new trials as a matter of right."

The fair inference deducible from that opinion is that Justice Miller was referring to a valid binding judgment,—"a judgment concluding both parties,"—and not an invalid judgment. An invalid judgment would have no binding force or effect unless submitted to by the parties, but exist only in form until the error was made apparent by proper judicial proceeding, and then the case would stand as though no formal judgment ever had been rendered; the judgment would be a nullity. It is fair to presume that the statute was intended to confer some substantial right. If the judgment is invalid by reason of error of law or fact, the defeated party needs no such statute. He can have the judgment vacated, and a new trial by other regular methods given to him by the statute, the rules and the practice of the court. The statute, read in the light of the history of the ancient rules embodied therein, would seem to contemplate that, when the title to real property is involved, the parties litigant shall be entitled to have it twice fairly and correctly tried before the title is finally and irrevocably adjudicated. Such an interpretation would seem to be in harmony with the spirit and reason of the statute, independent of authority. There is authority, however, to sustain this

interpretation. The statute of Michigan, so far as it relates to new trials as of right, reads as follows:

"The court in which such judgment is rendered, at any time within three years thereafter, upon the application of the party against whom the same was rendered, his heirs, executors, administrators, or assigns, and upon the payment of all costs and damages recovered thereby, shall vacate such judgment, and grant a new trial in such cause."

In the case of Gilman v. Judge, 21 Mich. 372, it appeared that one Riopelle sued Gilman in ejectment. The case was tried twice. On the first trial R. obtained verdict and judgment. Upon appeal by Gilman the supreme court of Michigan reversed the judgment, and ordered a new trial. On the second trial verdict and judgment passed for Gilman. R. then made application for a statutory new trial, under the provisions of said Michigan statute, and the said circuit court vacated the judgment, and granted a new trial. Thereupon Gilman applied to the supreme court for a mandamus to compel the circuit court to vacate said order for a new trial. The opinion of the supreme court is as follows:

"The intention of the statute was, we think, to give the new trial after a judgment regularly and rightfully obtained. The statute was not needed to get rid of a judgment wrongfully and illegally obtained. If it has been wrongfully obtained, as by error of law or fact, it was not a legal and valid judgment, but subject to be reversed; and, being reversed, the case stands the same as if no such judgment had ever been rendered. The new trial in question in this case is the first new trial under this section. The new trial granted by this court was not one of the new trials provided for by this section. The mandamus must be denied."

The statute of New York is substantially the same as the Michigan statute, and reads as follows:

"The court, at any time within three years after such a judgment is rendered, and the judgment record is filed, upon the application of the party against whom it was rendered, his heir, devisee, or assignee, and upon payment of all costs and all damages other than for rents and profits, or for use and occupation, awarded thereby to the adverse party, must make an order vacating the judgment, and granting a new trial in the action.

A question arose similar to the one at bar in the case of Landon v. Townshend, (Sup.) 18 N. Y. Supp. 552. This was an action for the recovery of real property, commenced in May, 1885. The first trial before the referee resulted in a judgment for the plaintiff, from which the defendants appealed to the general term, and, the judgment being there affirmed, thence to the court of appeals, where they obtained a judgment of reversal and a new trial. From a second judgment for the plaintiffs before a referee the defendants again appealed to the general term, and, judgment being there affirmed, thence to the court of appeals, which also affirmed the judgment. Upon this last judgment the defendants applied for, and obtained, an order vacating the judgment and granting a new trial of right, under the statute of New York above quoted. The plaintiffs appealed, and the supreme court of New York, in its opinion, says:

"It would appear that the defendant, as a matter of right, was entitled to the order in question. The only valid judgment which was rendered in the

progress of the trial was the last judgment, which had been affirmed by the court of appeals, and as a matter of right the defendants were entitled to have this judgment vacated, and a new trial ordered, upon the terms prescribed by the Code."

By reference to 44 Hun, 561, it appears that the first judgment in Landon v. Townshend, *supra,* was affirmed at the general May term, 1887, of the supreme court of the state of New York. On January 15, 1889, the first judgment was reversed by the court of appeals. See 19 N. E. Rep. 424. December 1, 1891, the second judgment was affirmed in the court of appeals. 29 N. E. Rep. 71. After December 1, 1891, application was made to vacate and set aside the second judgment within three years after the second judgment was rendered. It therefore appears that the application for a new trial as of right was made more than four years after the rendition of the first judgment; the statute of the state fixing three years as the limit. This case seems to be directly in point that the first judgment, being invalid and reversed, was not to be taken into consideration on the application for the vacation of the second judgment and a new trial under the statute, but that the party against whom the second judgment had been rendered had the right, within the statutory period after the rendition of a valid judgment, to a new trial, on complying with the statute respecting the requisite payment of costs, etc.

Under the Kentucky statute providing that "not more than two new trials shall be granted to the same party for the same cause," the supreme court held, in the case of Burton v. Brashear, 3 A. K. Marsh. 276, (marginal,) that "if a judgment is reversed on error in the court below, and remanded for further proceedings, it is not to be counted as a new trial, and thus restrict the inferior court to granting only one more new trial." See, also, Beckman v. Richardson, 28 Kan. 648, Butterfield v. Walsh, 25 Iowa, 263, and Deery v. McClintock, 31 Wis. 195, 204, as bearing to some extent upon the question herein involved. Had the first judgment in this case been affirmed by the United States supreme court, a different question would have been involved. No authorities have been cited on the argument in opposition to the views herein expressed. It follows that defendant's motion must be granted, and it is so ordered.