## UNITED STATES v. HOWE, District Judge, et al.

(Circuit Court of Appeals, Second Circuit. April 10, 1922.)

1. Criminal law &#8680;1192—Trial court cannot change sentence after affirmance by appellate court.

Where the judgment in a criminal case has been affirmed by an appellate court, and a mandate issued directing its execution, the trial court is without power to change the sentence imposed on the defendant, though the term at which it was entered was extended and has not expired.

&#8680;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Mandamus ⊚⇒58—Appellate court may enforce compliance with mandate by mandamus.**

> When a trial court proceeds contrary to the mandate of the appellate court, the latter court may enforce compliance with its mandate by writ of mandamus.

Original application by the United States for a writ of mandamus, directed to the Honorable Harland B. Howe, District Judge of the United States for the District of Vermont, and to the District Court of the United States for the Southern District of New York.    Writ granted.

Certiorari denied, 257 U. S. ——, 42 Sup. Ct. 590, 66 L. Ed. ——.

William Hayward, U. S. Atty., of New York City (John E. Joyce, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Samuel Hershenstein, of New York City (Edward T. McLaughlin, of New York City, of counsel), for respondent.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

ROGERS, Circuit Judge.   This is an application by the government for a writ of mandamus directing the Honorable Harland B. Howe, District Judge of the United States for the District of Vermont, and the District Court of the United States for the Southern District of New York, commanding the cancellation and annulment of an order and certain proceedings taken by Judge Howe in the District Court for the Southern District of New York on December 3, 1921, in relation to and in connection with the judgment of conviction entered in that court against one Joseph Rosenblatt on February 21, 1920, to the end that such judgment may be carried into execution as it was originally entered.

It appears that on November 3, 1919, an indictment was returned into the District Court of the United States for the Southern District of New York which charged the said Rosenblatt and certain other persons named therein with having committed an offense against the United States in violation of the Act of Congress approved on February 13, 1913 (37 Stat. 670).   Rosenblatt was convicted, the jury returning a verdict of guilty on certain of the counts, on February 20, 1920. On the next day, February 21, 1920, District Judge Howe, who presided at the trial, and who had been duly assigned and designated to hold the term of court, sentenced Rosenblatt to serve a term of six years in the United States penitentiary at Atlanta, Ga., upon each of the counts upon which he had been found guilty; such terms of imprisonment to run concurrently.

A writ of error was duly issued and allowed, and the case was brought to this court for review; and on January 12, 1921, the cause having been duly and regularly heard, the court filed its opinion affirming the judgment. Rosenblatt v. U. S., 271 Fed. 435. On January 31, 1921, the mandate of this court was duly issued.   It was ordered, adjudged, and decreed that the judgment of the District Court be and the same thereby was affirmed, and the judges of the District Court for the Southern District of New York were therein commanded:

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"That such further proceedings be had in said cause, in accordance with the decision of this court, as according to right and justice and the laws of the United States, ought to be had, the said writ notwithstanding."

Thereafter, and on February 2, 1921, an order was made by Hon. Augustus N. Hand, District Judge of the United States for the Southern District of New York, wherein it was ordered, adjudged, and decreed that the mandate of this court be made the judgment of the District Court of the United States for the Southern District of New York, and it was further ordered that the said judgment be carried into effect and execution; and on February 3, 1921, the said order and mandate of this court were filed in the office of the Clerk of the District Court.

Then it appears that thereafter, and on December 3, 1921, District Judge Howe caused an order to be entered in the office of the clerk of the District Court for the Southern District of New York in which he directed that the term and sentence of six years imposed upon Rosenblatt be stricken off, and that he be arraigned again, whereupon the said judge resentenced Rosenblatt and directed that he serve a term of imprisonment for 3 years on each count, the sentences to run concurrently. This he did over the objection of the United States attorney, an exception being taken and allowed.

The minutes of the clerk of the court show that this action was taken on hearing a motion for a new trial; that further evidence was introduced and considered; that the petition for a new trial was denied, and the action setting aside the original sentence for six years was "stricken off," and the new sentence of three years was imposed. Then follows this entry:

"The court thinks it has the power to do this because, during the trial, the term was extended for all purposes until January 1, 1925. Time for defendant to surrender to United States marshal is extended until December 12, 1921, 10:30 a. m."

The right of a trial court during the trial of a case, whether civil or original, to extend the term, is so well established a principle of law that any extended reference to the authorities is not necessary. We discussed the subject to some extent in Freeman v. United States, 227 Fed. 732, 142 C. C. A. 256 (1915), a criminal case, and we find no occasion now to add to what we then said. It will also be conceded that a court, both in civil and criminal cases, has power over its own judgments during the term at which they were made. The authorities hold that the court which pronounces sentence in a criminal case may thereafter, but during the same term, revise and correct the sentence imposed, and may increase or diminish the severity of the original sentence.

In 1869 the Supreme Court had occasion to consider this subject in Bassett v. United States, 9 Wall. 38, 19 L. Ed. 548. The court held it to be competent for the trial court, for good cause, to set aside, at the same term at which it was rendered, a judgment of conviction on confession, though the defendant had entered upon the imprisonment ordered by the sentence. That case does not appear to have been very fully argued by counsel, and the opinion of the court, which covers little

more than a single page and was written by Mr. Justice Miller, states that "this control of the court over its own judgment during the term is of everyday practice." It cites two cases only. King v. Price, 6 East, 323; Sun Cheong-Kee v. United States, 3 Wall. 320, 18 L. Ed. 72.

In 1873 the court again had occasion to consider the subject, in Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872; Mr. Justice Miller again writing the opinion of the court. He refers to Bassett v. United States, and says:

"The general power of the court over its own judgments, orders, and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable. And this is the extent of the proposition intended to be decided in the case of Bassett v. United States. * * * In general terms, without much consideration, for no counsel appeared for the sureties, this court sustained the right. If it was intended in that case to raise the question of the right of the court to inflict a new and larger punishment on the prisoner, without reference to the time of his imprisonment on the one set aside, that point was not presented, so as to receive the attention of the court, and certainly was not considered or decided."

In Ex parte Lange the subject was carefully considered, and the decision of the court covers some 13 pages, and there is a long dissenting opinion by Mr. Justice Clifford, which occupies nearly 27 pages. Mr. Justice Strong dissented, but filed no opinion. The court held that, when a court had imposed a fine and imprisonment, where the statute only authorized punishment by fine or imprisonment, and the fine had been paid, it could not, even during the same term, modify the judgment by imposing imprisonment, instead of the former sentence. The defendant had been sentenced on November 3, 1873, to one year's imprisonment and to pay a fine of $200. On the next day he paid the fine to the clerk of the court, and the latter, on November 7, 1873, paid the same into the treasury of the United States. On November 8th of the same month the judge who imposed the sentence entered an order vacating the former judgment, and the prisoner was again sentenced to one year's imprisonment from that date. The case came before the Supreme Court on petition for writs of habeas corpus and certiorari, and the court ordered the prisoner discharged. In the course of its opinion the court said (18 Wall. at page 174, 21 L. Ed. 872):

"If the court, for instance, had rendered a judgment for two years' imprisonment, it could no doubt, on its own motion, have vacated that judgment during the term, and rendered a judgment for one year's imprisonment; or, if no part of the sentence had been executed, it could have rendered a judgment for $200 fine after vacating the first. Nor are we prepared to say, if a case could be found where the first sentence was wholly and absolutely void, as where a judgment was rendered when no court was in session, and at a time when no term was held—so void that the officer who held the prisoner under it would be liable, or the prisoner at perfect liberty to assert his freedom by force—whether the payment of money or imprisonment under such an order would be a bar to another judgment on the same conviction. On this we have nothing to say, for we have no such case before us."

We shall not refer to the dissenting opinion, further than to point out that it proceeds upon the theory that the first sentence was void, the court's resentence was valid, and that the Supreme Court did not

possess appellate power over judgments in criminal cases, except in a limited class of cases, and that the case did not fall within the exceptions.

Counsel for the respondent relies, in the case now before us, upon Ex parte Lange, and especially upon the statement already quoted that—

"The general power of the court over its own judgments * * * during the existence of the term at which they are first made is undeniable."

But, while a court has, as a general rule, power over its judgments during the term, its power over them is clearly subject to certain restrictions. Thus it has been held that, after a sentence has been pronounced, but before the final judgment has been signed, the court may change the sentence. People v. Thompson, 4 Cal. 238; Jobe v. State, 28 Ga. 235. Ex parte Lange itself clearly indicates one of such restrictions. And another restriction is that if a sentence has been put into operation, and the person sentenced to imprisonment has been actually committed to prison and commenced to serve his term, the power of the court to alter or amend the sentence is gone. Thus in Commonwealth v. Weymouth, 2 Allen, 144, 147 (79 Am. Dec. 776), the Supreme Court of Massachusetts in 1861 said:

"Until something was done to carry the sentence into execution, by subjecting the prisoner to the warrant in the hands of the officer, no right or privilege to which he was entitled was taken away or invaded, by revoking the sentence first pronounced, and substituting in its stead the one under which he now stands charged. If it had appeared that the petitioner had actually been taken and committed under the first sentence, or if he had been thereby condemned to imprisonment in the state prison, so that the term of his sentence would be computed from the time he was first ordered to remain in the custody of the sheriff, according to St. 1859, c. 248, we might have arrived at a different result: but, on the record as it stands, we are all of opinion that the order must be: Prisoner remanded."

In People v. Dane, 81 Mich. 36, 45 N. W. 655, sentence was imposed on February 1, 1890, and on February 5, 1890, a different sentence was imposed. It was held that, as nothing had been done by way of carrying the first sentence into execution, the second sentence was valid. So in State v. Hughes, 35 Kan. 626, 12 Pac. 28, 57 Am. Rep. 195, it was held that until the term ends a trial court may revise or increase a sentence, where nothing has been done under the sentence first pronounced. In State v. Dougherty, 70 Iowa, 439, 30 N. W. 685, the court declares that the power of courts to revise their sentences—

"at the term at which they are pronounced, and before anything has been done under them, has long been recognized both in this country and in England, and the cases are numerous in which the power has been exercised."

In the case of In re Jones, 35 Neb. 499, 502, 53 N. W. 468, 469, the court declared that the trial judge had—

"no jurisdiction to vacate a judgment in a criminal case after the same has gone into effect by commitment of the defendant under it, and substitute for it another sentence at the same term of court."

And the same doctrine is held in State v. Cannon, 11 Or. 312, 2 Pac. 191.

Bishop's New Criminal Procedure, vol. 2, § 1298, states that—

"The power of the court to alter its docket entries and records during the term wherein they are made includes the right within such time to revise, correct, and change its sentences, however formally pronounced, if nothing has been done under them. But steps taken under a sentence—for example, a substantial part execution thereof—will cut off the right to alter it, even during the term; and with the expiration of the term the power expires."

[1] Another restriction upon the power to alter or amend a judgment is that such power does not exist after the judgment has been affirmed by the appellate court. In the federal courts, after an appellate court has decided a case brought before it on writ of error, it sends its decision down to the court below, whose proceedings have been reviewed, by means of a mandate, which directs that court to enforce or reverse and set aside the judgment as the case may be; and the jurisdiction of the court below, which was lost by the suing out of the writ of error, is reacquired when such a mandate is filed with it. Now we understand it to be well-established law that a judgment which the appellate court has affirmed, and by its mandate directed the court below to enforce, cannot thereafter be altered in any way by the lower court, and that irrespective of whether the term was extended or not. In Encyclopædia of Pleading and Practice, vol. 13, p. 850, it is correctly laid down that—

"The judgment of the appellate court cannot be modified or vacated by the lower court on the remand to it of the case, nor can the lower court alter or modify the judgment originally entered by it."

In the case of In re Sanford Fork & Tool Co., 160 U. S. 247, 255, 16 Sup. Ct. 291, 293 (40 L. Ed. 414), the Supreme Court said:

"The Circuit Court is bound by the decree as the law of the case, and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution, or give any other or further relief, or review it, even for apparent error, upon any matter decided on appeal, or intermeddle with it, further than to settle so much as has been remanded."

The above statement of the law is alike applicable to civil and criminal cases, and the fact that the term has been extended is quite immaterial. The judgment which was before this court was in law disposed of and finally settled by our decision, and is the law of the case beyond the power of the court below, which must carry it into execution according to the mandate. Sibbald v. United States, 12 Pet. 488, 492, 9 L. Ed. 1167. And this principle of law cannot be set aside by the trial court, and its power enlarged, by merely extending the term for a period of years.

There is a phase of this matter to which reference may be made before bringing this opinion to a conclusion. This court sits to review *final* orders, decrees, and judgments. "Final judgment," according to Bouvier, "is one which puts an end to a suit." It is used in contradistinction to a judgment which is only intermediate, and does not finally determine or complete the suit, which is known as an interlocutory judgment. In Bishop's New Criminal Procedure, vol. 2, § 1364, that writer,

treating of writs of error, lays down the proposition that "this writ lies only to correct the final judgments of courts of record in their doings, after the course of the common law"; and it is added that if a proceeding has not progressed to final judgment, or if the court is not one of record the corresponding remedy is certiorari. And again in section 1366 the same writer says:

"Only a final judgment, disposing of the whole cause, including all the counts, can be reviewed on a writ of error."

If a judgment of conviction, after it has been affirmed by this court, and a mandate sent down directing it to be carried out, can be set aside by the District Court, and a new and different sentence imposed, it ought to be entirely clear to any one that the judgment which has been affirmed and sent down would not be a final judgment, because it would not be one which finally determined the suit; and if, by extending the term for a sufficiently long period, the court could reserve to itself the power to alter any judgment sent down, it could continue the process indefinitely, and no judgment could be final.

[2] When the lower court proceeds, contrary to the mandate of this court, it interferes with this court's jurisdiction, as we held in Muir v. Chatfield, 255 Fed. 24, 27, 166 C. C. A. 352. And there is no doubt as to the power of this court to issue a writ of mandamus to compel the court below to proceed to enforce the judgment according to the mandate. McClellan v. Carland, 217 U. S. 268, 280, 30 Sup. Ct. 501, 54 L. Ed. 762; In re Washington & Georgetown Rd. Co., 140 U. S. 91, 94, 95, 11 Sup. Ct. 673, 35 L. Ed. 339; United States v. Swan, 65 Fed. 647, 648, 13 C. C. A. 77.

A writ of mandamus is granted, commanding the respondents to vacate the order of December 3, 1921, which set aside the sentence of six years imposed upon Rosenblatt on February 21, 1920, and the resentence of Rosenblatt on December 3, 1921, to serve a term of imprisonment for three years, and commanding them to render judgment on the mandate of this court of January 31, 1921, in accordance with its terms and not otherwise.