DENISON *v.* CROWLEY, MILNER & CO.

1. Infants — Personal Injuries — Judgment—Compromise—Presumption as to Investigation.

In action for personal injuries to minor in which counsel was employed and judgment entered by justice of the peace on compromise agreement obtained through efforts of such counsel, presumption that the justice of the peace, now deceased, performed the duty of inquiry as to whether the compromise was for the best interest of the minor, obtains until there is credible evidence to the contrary.

2. Same—Failure to Investigate Tort Claim—Equity.

Failure of justice of the peace to investigate and determine whether compromise settlement of tort claim was for best interest of an infant does not *ipso facto* justify vacation of the judgment which is regular in form, for plaintiff in subsequent suit to set aside the judgment must show it was, under the circumstances, contrary to the apparent and just rights of the infant.

3. JUDGMENT—VACATION BY COURT OF EQUITY.

    The exercise of jurisdiction in equity to vacate a judgment in law is proper but rare and exercisable only after it clearly appears that an injustice has been done, and the vacation of a judgment at the instance of the judgment creditor is not an adjudication of, nor may it be considered on the issue of, the judgment debtor's liability.

4. INFANTS—NEXT FRIEND—JUDGMENT—SATISFACTION.

    A father, as next friend to his minor son, has authority to receive payment and satisfy a judgment recovered by him in the name of the infant.

5. SAME—COMPROMISE—VACATION OF JUDGMENT—INVESTIGATION BY COURT—LIABILITY OF DEFENDANT—EQUITY.

    In suit by guardian of infant whose injuries, alleged to have resulted from defendant's negligence, have developed to be more serious than parents were advised by attending physician at time of settlement, secured upon advice of counsel and which was made basis of consent judgment in action against alleged tortfeasor, to set aside such judgment because no investigation nor determination was made by the justice of the peace who entered judgment as to whether the compromise was for the best interests of the infant, decree vacating judgment but ordering amount thereof deducted from any future judgment obtained in behalf of such infant is reversed and bill dismissed in absence of showing any liability on part of defendant or that the judgment was unjust under circumstances existing when entered; the investigation upon the part of the justice of the peace not being jurisdictional but procedural.

Appeal from Wayne; Ferguson (Homer), J. Submitted January 8, 1937. (Docket No. 68, Calendar No. 39,292.) Decided March 2, 1937.

Bill by Louis Denison, guardian of Michael James Gallagher, a minor, against Crowley, Milner & Company, a Michigan corporation, to vacate a judgment rendered in a justice's court. From decree vacating judgment and requiring that amount of judgment be deducted from any future judgment, defendant appeals. Plaintiff cross-appeals. Reversed and bill dismissed.

*Louis Rosenzweig,* for plaintiff.

*Butzel, Eaman, Long, Gust & Bills  (A. Hilliard Williams,* of counsel), for defendant.

WIEST, J.    The bill herein was filed to vacate a judgment rendered in a justice court in the city of Detroit on December 7, 1922, in an action of trespass on the case, brought by a father as next friend in behalf of his infant son.    At that time it was claimed that, on October 28, 1922, Michael James Gallagher, then three and one-half years of age, was injured by a truck owned by Crowley, Milner & Company.    The father of the boy employed an attorney at law, of his own selection, to attend to the matter, and the attorney brought about a compromise settlement and then instituted suit in justice court and was present when the judgment was rendered.    The defendant voluntarily appeared and waived service of process.

In the justice court John Gallagher, next friend, was sworn as a witness for plaintiff and no witnesses were sworn on the part of defendant.    The court rendered judgment in favor of the plaintiff for the sum of $500; that being the maximum amount within the jurisdiction of the justice.    The judgment was in the usual form and, the same day, the next friend acknowledged full satisfaction of the judgment and costs.

At that time the parents had been assured by the attending physician that the injuries to the boy were not serious, but that assumption, in course of time, has been found erroneous.

In November, 1935, a guardian, having been appointed by the probate court for the boy, who was then 17 years of age, filed the bill herein to have the

justice court judgment set aside, and the court vacated the judgment and decreed that, upon recovery of any future judgment in behalf of plaintiff, the $500 paid in satisfaction of the old judgment should be deducted.

Defendant appeals from the decree vacating the judgment and plaintiff appeals from the order directing deduction of the $500 from any future judgment.

It was claimed at the hearing that the justice did not make an examination relative to the compromise to determine whether it was for the best interest of the boy, and the circuit judge, upon a finding based on the testimony of the father of the boy that no such inquiry was made, vacated the judgment.

There was no proof of fraud and no evidence of actionable negligence having caused the injuries. The justice of the peace is dead and what has become of the attorney who represented the next friend is undisclosed. The testimony of the father is vague and somewhat unsatisfactory beyond the fact that he was then hard up and wanted, and got, the money on the judgment.

The pivotal question is whether a court of chancery can set aside such a judgment, fair and regular upon its face, upon the sole ground that the facts, relative to the best interest of the infant, were not fully investigated by the justice of the peace.

This is not an instance of a tortfeasor taking advantage of ignorant people but one where there was counsel employed in behalf of the infant's rights, and a compromise obtained through his efforts. In such case the presumption that the justice, now deceased, performed the duty of inquiry as to whether the compromise was for the best interest of the

minor, is of moment, and obtains until there is credible evidence to the contrary. The failure of the justice, if found, to investigate and determine whether the compromise was for the best interest of the infant does not, *ipso facto,* justify vacating the judgment, for the plaintiff, in addition thereto, had to show that the judgment, under the then circumstances, was contrary to the apparent and just rights of the infant. It may be that the suit in the justice court was mere form to obtain judicial sanction of the agreed compromise and, therefore colorable, but the judgment, being regular in form, holds good until it is made to appear that an injustice has been done.

As said in *Finn* v. *Adams,* 138 Mich. 258, 261 (4 Ann. Cas. 1186) :

"A judgment at law may be vacated by a court of equity in a proper case, but the exercise of such jurisdiction is rare. It is only exercised after it has been made to appear clearly that an injustice has been done."

If we indulge the thought that no investigation was made by the justice it does not follow that the judgment was unjust or that defendant secured an advantage contrary to equity and good conscience.

The record is silent upon the subject of liability, if any, of defendant; a *prima facie* case was not attempted to be shown.

If the judgment is vacated it does not operate as an adjudication of liability on the part of defendant, nor may it, or the compromise agreement, be considered at all upon that question.

The mentioned inquiry by the justice was not jurisdictional but procedural; it should have been made

but, if not made, it remained open as an issue for determination in the suit at bar. Without an affirmative finding of an injustice in fact the judgment could not be vacated. In other words the court now should do what then should have been done, without consideration of subsequent disclosures and change of condition.

The court ought not to have made the return of the $500 paid contingent upon a subsequent recovery of a judgment by plaintiff against defendant, but our disposition of the case renders that matter of no importance.

The father, as next friend, had authority to receive payment and satisfy the judgment recovered by him in the name of the infant. *Baker* v. *Railroad Co.,* 142 Mich. 497 (3 L. R. A. [N. S.] 76, 7 Ann. Cas. 605).

The authorities cited by counsel have been reviewed along with many others and we have reached the conclusion that, for want of any evidence showing that the judgment rendered in the justice court was unjust under the then existing circumstances, the decree should be reversed and the bill dismissed and such a decree will be entered in this court, with costs to defendant.

FEAD, C. J., and NORTH, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred. BUTZEL, J., did not sit.