MATÍAS GRANIELA, Plaintiff and Appellant-Appellee, *v.* YOLANDE, INC., ET AL., Defendant and Appellee-Appellants. PRIMITIVO GRANIELA ET AL., Plantiffs and Appellants-Appellees *v.* SAME. ANA ROSA ACOSTA RAMÍREZ, Plaintiff and Appellant-Appellee, *v.* SAME.

No. 9237. Argued February 8, 1946.—Decided February 14, 1946.

---

*Fernando Zapater*, *A. Ramírez Silva*, and *J. Otero Suro* for plaintiffs
and appellants-appellees. *J. Alemañy Sosa* for appellees-appel-
lants.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

In rendering judgment for plaintiffs in three actions for
damages which arose from the same accident, the district
court adjudged the defendants to pay interest on the amount
of the award from the date of the filing of the complaints.
On appeal, the judgment was modified only as to the allowance
of attorney's fees, a particular which is now immaterial, and
as thus modified, the judgment was affirmed. *Graniela* v. *Yo-
lande, Inc., ante,* p. 100.

On remand, the defendant United States Fidelity & Guar-
anty Co. deposited in the lower court the amount of the judg-
ment, together with interest thereon from the date of its ren-
dition and requested that the judgment be considered as sa-
tisfied. The defendants objected on the ground that the
amount deposited did not include interest from the date of
the filing of the complaints to the date of the judgment. The
lower court decided that the deposit made was sufficient, in-
asmuch as after the judgment had been rendered it was held
in *Martínez* v. *Báez*, 63 P.R.R. 751, that in actions for damages
interest can not be allowed except from the date of the judg-
ment. From that decision the plaintiffs appeal.

Subsequently, the defendants requested that the judgment be modified so as to allow interest from the date thereof and not, as was and still is provided therein, from the date of the filing of the complaints. The lower court denied the request, as it deemed the modification sought unnecessary in view of its prior order declaring the judgment satisfied. From that decision the defendants appeal.

As may be seen, both appeals raise the same question, to wit, whether the plaintiffs are entitled to recover interest from the date of the filing of their complaints or only from the date of the judgment.

The plaintiffs in their complaints prayed for the allowance of interest from the date of the filing of those pleadings. The court in its judgment allowed that claim. Such an allowance was erroneous, since where it is sought to recover an unliquidated sum, as happens in tort actions, the plaintiff is entitled to be awarded interest only from the date of the judgment. *Martínez* v. *Báez, supra; Font* v. *López*, 60 P.R.R. 157; *Sosa* v. *Heirs of Morales*, 58 P.R.R. 362; *Frías* v. *Berríos*, 58 P.R.R. 138; *Miranda* v. *P. R. Ry. L. & P. Co.*, 50 P.R.R. 373; *Ruiz* v. *Umpierre*, 49 P.R.R. 262. But the defendants, in their appeal from the judgment, failed to complain of that error and the judgment, as we have already seen, was affirmed.

The general rule is that a court is without power to amend its own judgments after the same have been affirmed by the appellate court. *United States* v. *Howe*, 280 Fed. 815, certiorari denied, *Howe* v. *United States*, 259 U. S. 587, 66 L. ed. 1077. In the instant case, the order of the lower court declaring the judgment satisfied through the payment of a lesser sum than the one set forth in the judgment, is equivalent to a modification of the latter.

The defendants argue that the amendment of the judgment was proper inasmuch as it involved the correction of a clerical error and a court has power to make such correction

at any time. However, we are not dealing here with a clerical error. The lower court itself, in the order appealed from, states that its action was due to the holding in *Martínez v. Báez, supra,* and explains that said case was decided after the rendition of the judgment herein. It is obvious, therefore, that what the lower court sought to correct was an erroneous determination of the substantive rights of the parties.

Nor are the defendants correct in their contention that, since no question as to the award of interest was raised in the appeal taken from the judgment, an affirmance did not preclude the lower court from reconsidering that award. It does not matter that the question was not raised in the appeal from the judgment. It could have been raised and that is enough. *In re Washington and Georgetown Railroad Co.,* 140 U.S. 91, 35 L. ed. 339.

The case just cited involved a judgment awarding damages without interest, from which an appeal was taken, without raising or discussing in any way the question of interest. (See the same case reported in 135 U.S. 554, 34 L. ed. 235.) After the judgment had been affirmed the lower court considered that it had erred in not allowing interest, and attempted to award it, and the Supreme Court of the United States in a mandamus proceeding ordered it to vacate the amended judgment and to restore the original judgment as it had been affirmed.[1]

It is regrettable that the defendants should be obliged to pay more than what they would have had to pay if the matter had opportunely been brought to the attention of the lower court, at the time of the redention of the judgment, or if the error committed in connection with the award of interest had been assigned in the appeal from the judgment.

---

[1] The problem presented by the cited case could not arise in Puerto Rico, since, according to § 341 of the Code of Civil Procedure, when a money judgment contains no provision regarding the payment of interest, it bears interest from the date of its rendition. *Concepción v. Latoni,* 63 P.R.R. 666.

But more important than the correction of a judicial error, which the aggrieved party had opportunity to correct in time, is the principle of the conclusiveness of judgments set forth in the rules of *res judicata* and the law of the case. See *González* v. *Méndez et al.*, 15 P.R.R. 682; *Olmedo* v. *Rivera*, ante, p. 45; *Escartín* v. *Insular Police Commission*, 52 P.R.R. 701; *Rosario* v. *Ruiz*, 63 P.R.R. 89.

The case of *De Castro* v. *Board of Commissioners,* 59 P.R.R. 673, is inapposite. In that case, an appeal was taken from a judgment ordering the reinstatement of a removed officer, and the judgment was affirmed. At the time the mandate was received in the lower court, the term of office of the officer had already expired. We held that the judgment should not be executed in so far as it ordered the reinstatement, for, although the latter was proper at the time of the rendition of the judgment, the circumstances had changed and the reinstatement no longer lay. The judgment was not amended nor was anything done inconsistent with its terms. It was simply decided that the term during which the judgment was enforceable had expired. In the instant case, no change had occurred in the situation of the parties since the rendition of the judgment, nor is there any obstacle to the execution of the judgment in the form it was rendered.

For the reasons stated, we are of the opinion that the lower court erred in entering its order of August 28, 1945, whereby the judgment was declared satisfied through the payment of a lesser sum than that set forth in the judgment, and that it acted correctly in entering its order of September 20, 1945, refusing to amend the judgment. The latter order should be affirmed and that of August 28, 1945, reversed.