SMITH v MEEMIC INSURANCE COMPANY

Docket No. 286140. Submitted August 11, 2009, at Lansing. Decided September 10, 2009, at 9:05 a.m.

Annie Smith was injured in an automobile accident in which it appeared that the other driver, Victoriano Gonzales, was uninsured. Smith notified MEEMIC Insurance Company, her insurer, claiming uninsured motorist benefits. Smith filed an action in the Oakland Circuit Court against Gonzales and sent a letter to MEEMIC, informing it that she was proceeding toward obtaining a default judgment against Gonzales and indicating that she was interested in settling her uninsured motorist's claim with MEEMIC. MEEMIC did not respond to the letter. The court, Wendy Potts, J., entered a default judgment against Gonzales. Having received no response from MEEMIC, Smith filed an action against MEEMIC in the same court, seeking uninsured motorists benefits. MEEMIC filed a motion for summary disposition, arguing that under the "no settlement or no judgment" clause of the policy, coverage was excluded because Smith had obtained the default judgment against Gonzales without MEEMIC's consent. Judge Potts set aside the default judgment against Gonzales before MEEMIC's motion for summary disposition was heard. In the action against MEEMIC, the court, Michael Warren, J., granted MEEMIC's motion for summary disposition, concluding that the moment Smith obtained the default judgment against Gonzales she was in breach of the insurance contract and, because the contract included no remedial provision for retroactively undoing the violation, the breach was fixed at the moment it was committed. Smith appealed.

The Court of Appeals *held*:

Once the default judgment was set aside, MEEMIC was not entitled to summary disposition. Judgments that are set aside are nullities. In addition, the policy is written in the present tense and, therefore, once the default judgment was set aside, the case against Gonzales was no longer currently settled or prosecuted to a judgment, making the provision inapplicable. The order granting summary disposition must be reversed and the case must be remanded to the trial court for further proceedings.

Reversed and remanded.

INSURANCE — AUTOMOBILES — UNINSURED MOTORIST BENEFITS — EXCLUSIONS
    FROM UNINSURED MOTORIST COVERAGE — JUDGMENTS — SETTLEMENTS.

    An automobile insurance policy exclusion excluding uninsured mo-
        torist coverage for bodily injury sustained by the insured if an
        action against the uninsured motorist is settled or prosecuted to
        judgment without the knowledge and consent of the insurer does
        not apply where a default judgment or settlement received by the
        insured for the insured's injury has been set aside.

*Keller & Avadenka, P.C.* (by *Barry F. Keller* and *Ann Marie Pervan*), for the plaintiff.

*Galbraith, Gordon & Penzien, P.C.* (by *Steven B. Galbraith* and *Jeffrey E. Penzien*), for the defendant.

Before: M. J. KELLY, P.J., and K. F. KELLY and SHAPIRO, JJ.

SHAPIRO, J. In this case involving the uninsured motorist provisions of an automobile insurance policy sold by defendant to plaintiff, plaintiff appeals as of right from the trial court's order granting defendant's motion for summary disposition. We reverse and remand for further proceedings consistent with this opinion. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

The facts in this case are undisputed. Plaintiff was injured in an automobile accident in which it appeared that the other driver, Victoriano Gonzales, was uninsured. Plaintiff notified defendant and claimed uninsured motorist benefits. She filed suit against Gonzales and sent defendant a letter, informing it that she was proceeding toward obtaining a default judgment against Gonzales. The letter also indicated that plaintiff would be interested in settling her uninsured motorist's claim with defendant. Defendant did not respond to the letter.

Plaintiff subsequently perfected a default judgment against Gonzales in the amount of $50,000. Having received no response from defendant concerning settlement or arbitration of her uninsured motorist claim, plaintiff filed the instant suit. However, it was assigned to a different judge than the one who had entered the default judgment against Gonzales. Defendant moved for summary disposition, arguing that the "no settlement/no judgment" clause of the insurance policy excluded uninsured motorist coverage because plaintiff had obtained a default judgment against Gonzales without defendant's consent.

After the summary disposition motion was filed, but before it was heard, the default judgment against Gonzales was set aside. Plaintiff argued in the trial court that defendant's motion for summary disposition should be denied because she was not presently in violation of the contract. Plaintiff further argued that by failing to respond for nearly two years to plaintiff's request for arbitration of the uninsured motorist claim, defendant waived its right to assert such a defense. The trial court rejected these arguments and concluded that the moment plaintiff obtained the default judgment, she was in breach of the contract and because the contract included no remedial provision for retroactively undoing the violation, plaintiff's breach was fixed at the time it was committed. Plaintiff now appeals.

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). Issues of contract interpretation are questions of law, also reviewed de novo. *Sweebe v Sweebe*, 474 Mich 151, 154; 712 NW2d 708 (2006).

The policy provision at issue reads:

EXCLUSIONS

1. This coverage does not apply to bodily injury sustained by an insured person:

\* \* \*                                        :

E. if the resulting cause of action is settled or prosecuted to judgment without our knowledge and consent[.] [Emphasis omitted.]

Defendant argues that *Lee v Auto-Owners Ins Co* (*On Second Remand*), 218 Mich App 672; 554 NW2d 610 (1996), and *Linebaugh v Farm Bureau Mut Ins Co*, 224 Mich App 494; 569 NW2d 648 (1997), hold that a default judgment entered against an uninsured motorist triggers the exclusionary clause even if there is no prejudice to the insurer. However, neither of these cases involved the judgment against the uninsured motorist being set aside. Rather, each case involved a *refusal* to set aside the judgment and a demand for arbitration notwithstanding that fact. Because these cases do not address the specific issue in this case, we find that they are inapplicable. Instead, we look to caselaw addressing the legal ramifications of a default judgment that has been set aside and conclude that once the default judgment was set aside, defendant was not entitled to summary disposition.

It is well settled that judgments that have been set aside are nullities. See, e.g., *Jones v O'Donnell*, 292 Mich 189, 193; 290 NW 375 (1940) (judgments that had been set aside "became nullities"); *Denison v Crowley, Milner & Co*, 279 Mich 211, 215; 271 NW 735 (1937) ("If the judgment is vacated it does not operate as an adjudication of liability on the part of defendant, nor may it, or the compromise agreement, be considered at all upon that question."); *Comm'r of Hwys of Hope Twp v Ludwick*, 151 Mich 498, 501; 115 NW 419 (1908);

*People v Dane*, 81 Mich 36, 39; 45 NW 655 (1890) (judgment that is set aside is " 'held for naught' ") (citation omitted); *Van Renselaer v Whiting*, 12 Mich 449, 451 (1864) ("The effect of vacating the judgment as to [one defendant] was to vacate it as to the other defendant also; and *there is now no judgment in the case.*") (emphasis added). As Justice CHRISTIANCY summarized in *People ex rel Gilman v Wayne Circuit Court Judge*, 21 Mich 372, 373 (1870) ("[B]eing reversed, the case stands the same *as if no such judgment had ever been rendered.*") (emphasis added). Thus, when the default judgment against Gonzales was set aside, it was "the same as if no such judgment had ever been rendered," *id.*, and without a judgment against Gonzales, the exclusionary clause of the insurance policy was no longer applicable.

Moreover, even if we assume that the language of a policy provision could overcome the nullifying effect of a court's decision to set aside a judgment, we find that the provision at issue does not do so because it is written in the present tense. The policy provision provides that coverage is precluded if the case *"is* settled or prosecuted to judgment," (emphasis added) not if it "was once" or "has been at some point" prosecuted to judgment. Thus, once the default judgment was set aside, the case was no longer currently settled or prosecuted to judgment, making the provision inapplicable.

Finally, we conclude that our holding leaves intact the public policy reasons behind the exclusionary provisions found in insurance policies, such as the one at issue in this case. As this Court explained in *Lee, supra* at 676, "[A]n insured's release of a potentially liable tortfeasor is prejudicial to the insurer because such a release destroys any possibility that the insurer could

recoup through its right to subrogation some of the amounts paid." Because the setting aside of a default judgment renders that judgment a nullity, insurers in such cases have regained their subrogation rights, so that there is no destruction of the insurer's ability to recoup funds it has paid.

Accordingly, we hold that where an insurance policy contains an exclusionary provision that is triggered upon a settlement or judgment without the knowledge and consent of the insurer, if the default judgment or settlement is set aside such that an insurer retains its right of subrogation, the exclusion does not apply.[1]

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

[1] Because we reverse the trial court on this basis, we do not reach plaintiff's additional argument that defendant's course of conduct amounted to a waiver of this defense. We are, however, troubled by the fact that defendant appears to have ignored plaintiff's inquiries and displayed a willingness, if not a strategy, to remain silent as it observed plaintiff take actions that defendant knew it could later rely on to deny the claim.