FLANARY *v.* RESERVE INSURANCE COMPANY.

1. AUTOMOBILES — INSURANCE — MOTORIST'S ACTION AGAINST TORT-FEASOR.

Insured motorist who sued tort-feasor and settled the claim precluded himself from thereafter recovering from that party for personal injuries or car loss and also precluded his insurer from doing so.

2. INSURANCE—AUTOMOBILES—SUBROGATION.

Insured motorist who sued tort-feasor and then settled the claim without informing insurer of such action violated insurer's rights under subrogation clause and of insured's agreement to do nothing to prejudice insurer's rights.

3. SAME—AUTOMOBILES—SPLITTING CAUSE OF ACTION—WAIVER.

Automobile insurer which did not know of action insured had brought against and settled with tort-feasor *held,* not to have waived its defense that insured had split its cause of action by so proceeding.

4. SAME—AUTOMOBILES—ACCIDENT—VALUE OF CAR—SALVAGE VALUE.

Insured motorist who sued tort-feasor without knowledge or participation of insurer *held,* not entitled to recover value of car at time it was involved in accident, but judgment for such amount is reversed without prejudice to insured's right to recover amount insurer realized as salvage from sale of plaintiff's demolished car.

Appeal from Genesee; McGregor (Louis D.), J. Submitted April 6, 1961. (Docket No. 20, Calendar No. 48,856.)   Decided September 22, 1961.

REFERENCES FOR POINTS IN HEADNOTES

[1] 11 Am Jur, Compromise and Settlement §§ 23–28.
[2–4] 29A Am Jur, Insurance § 1735.
Collision insurance: Insured's release of tort-feasor before settlement by insurer as releasing insurer from liability. 38 ALR2d 1095.

Action by James J. Flanary against Reserve Insurance Company, a foreign corporation, on insurance policy for value of demolished automobile. Judgment for plaintiff. Defendant appeals. Reversed.

*Walter J. Barkey,* for plaintiff.

*William Goldberg* (*Richard C. Fruit,* of counsel), for defendant.

DETHMERS, C. J. Plaintiff owned an automobile. Defendant issued a collision insurance policy to cover it. On August 20, 1958, it was struck by the motor vehicle of one Fenton and nearly demolished.

On December 16, 1958, this suit was begun to recover, under the insurance policy, for the value of the automobile. On January 12, 1959, while this suit was pending, plaintiff sued Fenton for damages resulting from the collision, alleging, *inter alia,* that his car was a total loss, and included as defendants 2 bar owners who allegedly sold liquor unlawfully to Fenton preceding the collision. In the latter case a consent judgment for plaintiff of $20,000 was entered on May 13, 1959, and satisfied on May 25, 1959. Defendant insurance company did not know of the filing, pendency, and settlement of plaintiff's suit against Fenton until afterwards.

During pendency of the Fenton suit defendant herein filed an answer on April 13, 1959, alleging that it had been unable to settle plaintiff's claim because of his unjust demands and that it had offered to pay plaintiff the cash market value of his automobile before it had been damaged or to replace it with a like one of equal value, which plaintiff declined to accept. After the settlement of the Fenton case, defendant herein, learning of it, moved to dismiss on the ground of that settlement and plaintiff's having

precluded defendant, thereby, from recovering, under the subrogation clause of the policy, from Fenton, the tort-feasor.   The subrogation clause reads as follows:

"(a) Subrogation: In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

The motion to dismiss was denied, the case tried by the court without a jury, and judgment entered for plaintiff in the amount of $1,260.   Defendant appeals here.

In proceeding against Fenton and accepting settlement of his claim against the latter, plaintiff precluded himself from thereafter taking the position that he had been paid only for personal injuries and suing Fenton for his car loss.   In so doing he also precluded his insurer, defendant herein, from doing so.   *Coniglio* v. *Wyoming Valley Fire Insurance Company,* 337 Mich 38.   See, also, *General Accident Fire & Assurance Corp., Ltd.,* v. *Sircey,* 354 Mich 478, and cases cited therein for discussion of rule against splitting causes of action.   This was in violation of defendant's rights under the subrogation clause in the policy and of plaintiff's agreement therein to do nothing after loss to prejudice those rights.   Unless there is waiver or estoppel, plaintiff's actions have barred his right here sought to be established against defendant.

Plaintiff claims waiver by and estoppel against defendant because of its failure to promptly settle plaintiff's claim.   In support he quotes from 38 ALR 2d 1095, 1099, which, in turn, cites *Coniglio* v. *Wyom-*

*ing Valley Fire Insurance Company, supra.* In *Coniglio* the plaintiff sued the tort-feasor 8 months after the accident and the suit remained pending, apparently with his insurer's knowledge, for 2–1/2 years before judgment. During all that time the insurer did not take an assignment from the insured, with whom it had settled, as in the policy provided, because it did not consider its subrogation rights worth protecting, for which reason, also, so this Court said, it did nothing to protect itself by intervening as permitted by statute. Here plaintiff sued defendant, his insurer, within 4 months after the accident. Within another month after that he had started suit against the tort-feasor and in 4 more months had secured his $20,000 settlement thereof. It does not appear that defendant in the instant case had any knowledge of the Fenton suit and it does appear that it had not settled with plaintiff because of what it considered his excessive demands. Its motion for dismissal was filed more than 19 months before the statute of limitations* would have run against plaintiff's claim against the tort-feasor. There is no occasion here, then, for saying as we did in *Coniglio* (p 47) as reason for holding a waiver there:

"In our opinion defendant insurance company by failing to intervene and protect its rights in the action between plaintiff and the tort-feasor, and by failing to rely on the defense of a split cause of action until the statute of limitations had run against plaintiff's claim against the tort-feasor, constitutes a waiver of its defense."

The 2 cases are distinguishable on the facts in a manner controlling of the waiver question. The same is true of *Washtenaw Mutual Fire Insurance Co.* v. *Budd,* 208 Mich 483, distinguishable in other

* See CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605).—RE-PORTER.

respects, also, from this case, but particularly in the respect recognized in the significant statement (p 488) in our opinion in that case:

"We think that the evidence shows that the company had knowledge of such litigation."

Judgment reversed, without new trial, and without prejudice to plaintiff's right, in an appropriate action, to seek to recover from defendant the amount the latter has realized as salvage from sale of plaintiff's demolished automobile.    Costs to defendant.

CARR, KELLY, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.