POYNTER *v.* AETNA CASUALTY & SURETY COMPANY.

1. INSURANCE—SUBROGATION—THIRD PARTIES.
   Once an insurer has paid sums due under a contract of insurance it becomes subrogated to the rights of the insured against third-party tort-feasors.

2. SAME—SUBROGATION—INSURANCE CONTRACT.
   No subrogation rights arise until an insurer has paid a claim against it, and those rights are subject to being cut off by settlement between the insured and third-party tort-feasor; therefore language is customarily included in insurance policies to protect insurer's rights against third-party tort-feasors.

3. SAME—RELEASE BY INSURED—SUBROGATION—INSURER'S LIABILITY.
   A release of liability given by an insured to a tort-feasor destroys the insurer's right of subrogation against the tort-feasor, and therefore such a release bars action on the policy by the insured.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29A Am Jur, Insurance §§ 1719, 1720.
[2] 29A Am Jur, Insurance §§ 1719–1721, 1736–1740.
[3] 29A Am Jur, Insurance §§ 1733, 1734.
[4–6] 29A Am Jur, Insurance §§ 1724, 1733.

4. SAME—RELEASE BY INSURED—SUBROGATION RIGHTS.

   Failure of insurer to demand subrogation rights in no way prevents extinction of action on policy by insured caused by release of tort-feasor by insured before payment of claim by insurer.

5. SAME—ACTION ON POLICY—SUBROGATION—ESTOPPEL.

   An insurer will not be heard to deny payments to its insured on the grounds that the insured destroyed its right to subrogation by settling with a third party when it permitted or forced the insured to do so.

6. SAME—ACTION ON POLICY—ESTOPPEL.

   Delay of a few months during which insurer could reasonably do nothing to protect its subrogation rights since there was no action instituted by insured against third-party tortfeasor does not create an estoppel of insurer in an action on the policy to assert prejudice to those rights created by settlement negotiated between insured and tort-feasor.

Appeal from Houghton, Condon (Stephen D.), J. Submitted Division 3 May 7, 1968, at Marquette. (Docket No. 3,254.) Decided August 29, 1968.

Complaint by Aileen Poynter against Aetna Casualty and Surety Company, a foreign insurance company, for recovery on contract of insurance. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

*Wisti, Jaaskelainen & Schrock,* for plaintiff.

*McLean & Healey,* for defendant.

FITZGERALD, P. J. This is a case of contract. Plaintiff held a limited payment insurance policy written by the defendant which entitled her to a payment not to exceed $2,500 for all reasonable medical expenses incurred within 1 year from the date of an accident resulting in bodily injury. The insured under such a policy cannot collect until all other

coverages available to her are relied on first. The insurer is not liable until the insured shows that her expenses are not covered elsewhere. For this reason, the insurer demands the insured supply a claim form listing all other coverage.

Plaintiff was a passenger in an automobile struck by John Blau on October 18 or 19, 1963. She settled her claim against Mr. Blau's estate by accepting the sum of $10,000 from his insurer without entering into litigation. She now seeks recovery from defendant, her own insurance company, which refuses to pay her. Defendant filed a motion for accelerated judgment which was granted and plaintiff appeals.

Defendant's claim is that plaintiff failed to comply with certain requirements of her policy with defendant so that she is not entitled to recover thereunder. Relevant portions of the policy provide that:

(1) Defendant be subrogated to the insured's right of recovery against any person or organization, and that the insured shall execute any necessary instruments. The same right of subrogation in defendant's favor exists in the event of any payment by defendant to insured.

(2) No action shall lie against defendant unless, as a condition precedent, the insured shall fully comply with the terms of the policy.

(3) The person seeking a claim is required to give defendant written proof of a claim for medical expenses.

It is alleged by defendant that plaintiff and her attorneys failed to fill out the required medical expense statement wherein plaintiff was to list any damages she collected from others, and that plaintiff settled her claim without reserving the defendant's right to subrogation.

The purpose of such language in an insurance policy is to enable the insurer to proceed against a

tort-feasor after payment of a sum within the policy limits to the insured who was injured by the tort-feasor. The insurer is then entitled to be subrogated to any rights which the insured may have had against the tort-feasor.[1] In this way, the insurance company assumes the risk and cost of settlement while providing efficient protection. The right of subrogation is vital to the insurer, for once the tort-feasor is released by paying off his obligation to the insured, then he is no longer liable to the insurer or to the insured. Until the insurer has paid the claim, it has no subrogation rights.[2] So the insurer protects itself by including the above language to enable it to retain rights against the tort-feasor if it is required to pay a sum to the insured by reason of the binding contract. Defendant-insurer states that it is not required to pay plaintiff-insured as its subrogation rights against Blau and his insurer were cut off by plaintiff's independent acceptance of a settlement from the tort-feasor prior to payment by defendant-insurer.[3]

We agree with the statement and cases cited at 6 Appleman, Insurance Law and Practice, § 4093, p 587, which reads:

"It has been held that since a release of liability given by the insured to a tort-feasor destroys the insurer's right to subrogation, such release bars the insured's right of action on the policy."

The language of the policy requiring insured to assign the claims reinforces this preclusion of an action on the policy. Appleman, *supra*, p 589. A recovery

---

[1] *Wolverine Insurance Co. v. Klomparens* (1935), 273 Mich 493; *Union Ice Co. v. Detroit & Mackinac Railway Co.* (1914), 178 Mich 346; 29A Am Jur Insurance, § 1719 p 797.

[2] *Associated Truck Lines v. Employers' Fire Insurance Co. of Boston, Mass.* (1936), 275 Mich 74.

[3] *Flanary v. Reserve Insurance Company* (1961), 364 Mich 73 (38 ALR2d 1095).

by the insured from a third person whose negligence caused the loss extinguishes the liability of the insurer. Appleman, *supra*, § 4095, p 596.

This case is unlike the situation in *Wolverine Insurance Company* v. *Klomparens, supra,* wherein the insurer had already paid the insured, but the insured went further and got settlement and a release from the tort-feasor who knew that the insurer had already paid. In such a case, amounting to fraud, the insurer still has subrogation against the tort-feasor.[4]

Thus, plaintiff alleges that it is incumbent on the insurer to show that his right to subrogation was prejudiced by the prior settlement effected by the insured, so the *Klomparens Case* requires a finding here that subrogation was not yet defeated. However, in the present case, the insurer is not the plaintiff, neither is the tort-feasor nor the insured the defendant, and the insurer is not seeking subrogation. We do not believe that the insurer should be required to now pay the insured who has already settled for more money than might be due him under the policy. This would force the insurer to sue either the tort-feasor to prove that it does have a right of subrogation, the tort-feasor usually being released or rendered uncollectible; or the insured, in order to regain the exact amount just paid the insured, on the ground that it did have the right to subrogation all along. Such a proceeding is brought on a theory of an implied promise to reimburse the insurer.[5] The case is even stronger for the insurer when an express contract of subrogation already exists, as in the present case.

---

[4] See many cases based on such a fact situation at 51 ALR2d 697. The right of the insurer to subrogation in such cases is generally granted.

[5] *Union Insurance Society of Canton* v. *Consolidated Ice Co.* (1932), 261 Mich 35.

Plaintiff persists, however, in stating that if the insurer knew of the settlement, and failed to demand the right of subrogation, then it has waived such rights and may not recover the money paid to the insured. Cases so deciding are distinguishable, once again, in that our insurer had not yet paid anything to the insured, perhaps remembering the warning given at 51 ALR2d, § 8, p 716, that:

"There is some authority indicating that if an insurer has, or is charged with, knowledge of a release or settlement made by the insured with the wrongdoer, it honors a claim under the policy at its peril."

In addition, the insurer could not pay the insured in the absence of the required medical expense form. It must be remembered that the insurer cannot become subrogated to the remedies of the insured until he pays the insured.[6] Estoppel will apply to an insurer who induces the insured to enter into a settlement with the tort-feasor by delaying payment unreasonably, or by actually encouraging her to do so.[7] The insurer will not be heard to deny payments to its insured on the grounds that she destroyed its right to subrogation when it permitted[8] or forced her to do so.

We reiterate a few facts to determine the extent of the insurer's behavior in light of the above rule. The accident occurred in October, 1963. Counsel for plaintiff was retained in November, 1963. He

---

[6] *Associated Truck Lines* v. *Employers' Fire Insurance Co. of Boston, Mass., supra.*

[7] See 38 ALR2d, § 4, p 1099; 16 ALR2d p 1269; *Flanary* v. *Reserve Insurance Co., supra.*

[8] *Coniglio* v. *Wyoming Valley Fire Ins. Co.* (1953), 337 Mich 38. Here insurer failed to take the assignment of the cause of action against the tort-feasor to which it was entitled, and it did not attempt to protect its rights, knowing of plaintiff's legal action. We note that the action was pending for two years, unlike the present case, where five months expired between the beginning of discussion between insured and insurer and insured's settlement without suit.

began negotiating with the insurance company of the tort-feasor, and so informed the defendant through its agent. Discussions occurred monthly. Plaintiffs submitted a tentative list of medical expenses to defendant in January of 1964. On March 28, 1964, plaintiff notified defendant of her intention to make a claim and requested the necessary forms. She settled with the insurance company of the tort-feasor, without bringing suit, on May 7. We find evidence that defendant did not know of the settlement until January of 1965. Plaintiff made another request for the forms on May 19, receiving them on May 26. The forms have never been returned to the defendant.

There was no way for the insurer to intervene in the nonlitigated negotiations between plaintiff and the other insurance company in order effectively to protect its subrogation rights,[9] and the facts did not present a question of waiver.[10] The delay of a few months under a limited policy of this type, during which time the defendant could reasonably do nothing to protect its rights, is not a situation where an insurer is to be estopped from asserting that prejudice to its rights to subrogation occurred when the insured breached her contract with the insurer, and split her cause of action by settling with the tort-feasor. *Flanary* v. *Reserve Insurance Co., supra.*

J. H. GILLIS and McGREGOR, JJ., concurred.

---

[9] *Washtenaw Mutual Fire Ins. Co.* v. *Budd* (1919), 208 Mich 483, 488: "It is the insurer's privilege to intervene and protect his own rights, if he sees fit to do so." This intervention is permitted by court rule (GCR 1963, 209). There was no lawsuit begun by plaintiff in the present case.

[10] *Bielski* v. *Wolverine Insurance Co.* (1966), 2 Mich App 501.