ADAMS v PRUDENTIAL PROPERTY & CASUALTY INSURANCE
COMPANY

Docket No. 106301. Submitted November 9, 1988, at Lansing. Decided
January 25, 1989.

Gary S. Adams and Louise Norma Adams were covered under
policies of automobile insurance issued by Prudential Property
and Casualty Insurance Company and Farm Bureau General
Insurance Company when they sustained injury in an automo-
bile accident involving an uninsured motorist. Both policies of
insurance contained provisions excluding coverage for an in-
sured's bodily injury caused by an uninsured motorist where
the insured, without the written consent of the insurer, has
made any settlement with any person who may be legally
liable for the injury. The Adamses filed and later settled a
dramshop act claim against dramshop owners who they alleged
had contributed to the uninsured motorist's intoxication. Pru-
dential and Farm Bureau subsequently denied claims made by
the Adamses for uninsured motorist benefits for their injuries.
Both insurers cited the exclusionary provisions described above
in denying the Adamses' claims. The Adamses brought an
action in Genesee Circuit Court against Prudential and Farm
Bureau. The trial court, Earl E. Borradaile, J., denied a motion
for summary disposition filed by defendants, who had con-
tended that there existed no genuine issues of material fact and
that they were entitled to judgment as a matter of law. Defen-
dants appealed.

The Court of Appeals *held:*

The dramshop owners with whom plaintiffs settled were
legally responsible for the conduct of the uninsured motorist.
Plaintiffs' failure to obtain defendants' consent to the settle-
ment therefore precluded their claims for benefits pursuant to
the terms of the policies' exclusionary provisions.

Reversed.

REFERENCES
Am Jur 2d, Automobile Insurance §§ 332, 333.
Validity, construction, and effect of "no-consent-to-settlement" ex-
clusion clauses in automobile insurance policy. 18 ALR4th 249.

INSURANCE — AUTOMOBILES — UNINSURED MOTORISTS — SETTLEMENT WITHOUT INSURER'S CONSENT.

> An automobile insurance policy provision which excludes coverage for an insured's bodily injury caused by an uninsured motorist if the insured without the written consent of the insurer has made any settlement with any person who may be legally liable for the injury bars payment of uninsured motorist benefits to an insured who, without the written consent of the insurer, settles a dramshop act claim against an uninsured motorist and the dramshop owners who contributed to that motorist's intoxication.

*Jonathan E. Holt,* for plaintiffs.

*Gault, Davison, Bowers & Hill* (by *Edward B. Davison*), for defendants.

Before: MacKENZIE, P.J., and WEAVER and E. A. QUINNELL,* JJ.

PER CURIAM. Defendants appeal as of right from the trial court's denial of summary disposition in favor of the defendant insurers. We reverse.

The clear and unambiguous exclusionary language concerning recovery of uninsured motorist benefits under plaintiffs' two insurance policies is almost identical to the language of the exclusionary clause contained in *Michigan Mutual Liability Co v Karsten,* 13 Mich App 46, 49; 163 NW2d 670 (1968), lv den 381 Mich 792 (1968). In *Karsten,* this Court agreed with the lower court that the insured was only forbidden to settle with a "person who might be legally responsible for the actions of [the] owner or operator of the uninsured vehicle," but that the insured was not precluded from settling with an insured joint tortfeasor. *Id.* at 49-50.

The *Karsten* panel's conclusion indicates that the policy's exclusionary language would have precluded a claim of uninsured motorist benefits if

---

* Circuit judge, sitting on the Court of Appeals by assignment.

settlement had been made with a person whose liability was dependent on the actions of the uninsured motorist. Here, it is apparent that the dramshop owners with whom plaintiffs settled were persons "legally responsible" for the conduct of an uninsured motorist within the meaning of *Karsten,* since Michigan's dramshop act discloses that liability imposed on a dramshop owner is entirely dependent upon the conduct and liability of the intoxicated tortfeasor. MCL 436.22(4) and (7); MSA 18.993(4) and (7). Therefore, the exclusionary clauses contained in plaintiffs' policies of insurance precluded a claim of uninsured motorist benefits.

Because the language of *Karsten* was clearly applicable to this case, it would have been impossible for plaintiffs to support their claim of uninsured motorist benefits at trial. Accordingly, there existed no genuine issue of material fact, and defendants were entitled to summary disposition as a matter of law. MCR 2.115(C)(10); *Bardoni v Kim,* 151 Mich App 169, 175; 390 NW2d 218 (1986), lv den 426 Mich 863 (1986).

Reversed.