LEE v AUTO-OWNERS INSURANCE COMPANY

Docket No. 134748. Submitted March 4, 1993, at Lansing. Decided August 2, 1993, at 9:00 A.M. Leave to appeal sought.

Blake Lee brought an action in the Ingham Circuit Court against Auto-Owners Insurance Company and others seeking, in part, recovery under an automobile insurance policy for injuries he sustained while a passenger in an automobile involved in an accident. The driver of the automobile had an insurance policy providing coverage of $20,000. The plaintiff had underinsured motorist coverage with Auto-Owners providing a maximum of $50,000 coverage. The plaintiff sued the driver and subsequently settled for $20,000. The plaintiff signed a release but did not notify Auto-Owners. The plaintiff then sought $30,000 of underinsured motorist coverage from Auto-Owners. When Auto-Owners refused to pay, the plaintiff brought this action. In the alternative, the plaintiff brought a malpractice claim against the attorney and the law firm that handled his case against the driver. The court, James R. Giddings, J., granted summary disposition dismissing several of Auto-Owners' affirmative defenses and certified its partial summary disposition as a final judgment. Auto-Owners appealed.

The Court of Appeals held:

1. The release was intended to release only the driver and the driver's insurance company from all claims arising out of the accident. The trial court properly dismissed Auto-Owners' claim of release.

2. The Auto-Owners policy required that the plaintiff, as a condition precedent to instituting a legal action against Auto-Owners, comply with all the conditions of the policy. The plaintiff did not comply with several conditions by suing the driver without notifying Auto-Owners and signing a release that destroyed Auto-Owners' subrogation rights against the driver. The plaintiff's failure to satisfy the conditions precedent prevents him from being able to state a cause of action in the courts to collect the insurance money he claims he is owed. The trial court erred in striking the affirmative defenses related to this issue and in not granting summary disposition for Auto-Owners with regard to this issue.

3. The plaintiff's failure to abide by the conditions of the

policy does not prevent him from recovering under the policy, it only bars him from instituting a lawsuit. He still has a right under the policy to compel arbitration of his claim.

4. The case must be remanded to the trial court for entry of an order of dismissal with regard to Auto-Owners.

Affirmed in part, reversed in part, and remanded.

*Jan Paul Benedict, P.C.* (by *Jan Paul Benedict*), for Blake Lee.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *C. Mark Hoover*), for Auto-Owners Insurance Company.

*Willingham & Coté, P.C.* (by *Ray Foresman* and *Anthony S. Kogut*), for Abood, Abood & Rheaume, P.C., and David P. Pasichnyk.

Before: MICHAEL J. KELLY, P.J., and MARILYN KELLY and CONNOR, JJ.

CONNOR, J. Defendant insurance company appeals as of right[1] the trial court's summary dismissal of several of its affirmative defenses. We affirm in part, reverse in part, and remand.

Plaintiff was a passenger in an automobile involved in an accident and suffered serious injuries. The driver had only the statutory minimum liability insurance coverage of $20,000 at the time of the accident. Plaintiff had underinsured motorist coverage with defendant insurance company for up to $50,000. Plaintiff sued the driver and subsequently settled for $20,000. As part of the settlement, plaintiff signed a form that purported to release the driver and "all other persons, firms, and corporations" from "any and all actions, claims, and demands." All this was done without

---

[1] Apparently, because the remaining issues were severable and not factually related to the affirmative defenses it ruled on, the trial court certified its partial summary disposition as a final judgment pursuant to MCR 2.604(A).

the knowledge or approval of defendant insurance company.[2]

Plaintiff thereafter demanded that defendant insurance company pay him $30,000 of underinsured motorist coverage, the $50,000 his policy provides minus the $20,000 received in the settlement. When it refused to pay, plaintiff brought this action seeking the insurance money.[3]

Defendant insurance company raised numerous affirmative defenses based on plaintiff's settlement and release of the driver. At issue below and on appeal is what effect that settlement has under the terms of the insurance policy.

We find defendant insurance company's contention that the release acted to release it to be without merit. Read literally, the release purports to release everyone from all future claims plaintiff may have without restriction. The release would not only release defendant insurance company from any liability, it would forever bar plaintiff from suing anyone for anything. We believe that would be an absurd result. The only reasonable interpretation that the release can be given is that it was intended to release the driver and the driver's insurance company from all claims arising out of the accident. We find that the trial court properly dismissed defendant insurance company's claim of release.

Plaintiff's suing, settling, and releasing the driver from future liability without defendant insurance company's knowledge or approval is a more troublesome issue. Defendant insurance company argues that failing to secure its approval violated the insurance policy. We agree.

---

[2] Defendant appellees are the attorney and law firm that handled plaintiff's case against the driver. Plaintiff has made a malpractice claim against them in the alternative.

[3] Plaintiff also sought no-fault benefits, but has since settled that claim with defendant insurance company.

The underinsured motorist coverage endorsement in plaintiff's insurance policy states, "Uninsured Motorist Coverage is extended to bodily injury . . . arising out of the . . . use of an automobile with respect to which a bodily injury . . . insurance policy is applicable at the time of the accident but which provides" for less than $50,000 in liability insurance. The endorsement further provides that "[a]ll terms and conditions applicable to Uninsured Motorist Coverage are applicable to this extension."

We find no ambiguity in this wording. The underinsured motorist endorsement extended the policy's uninsured motorist coverage by redefining uninsured to include insured motorists with less than $50,000 in liability insurance. Thus, to collect under his underinsured motorist coverage, plaintiff must be entitled to collect under the terms of the uninsured motorist coverage, with the underinsured driver being considered to be an uninsured motorist.

The policy establishes a significant barrier to plaintiff being able to sue to collect underinsured motorist benefits. The policy requires that plaintiff, as a condition precedent to instituting a legal action against the insurance company, must comply with all the conditions of the policy. By suing the driver without notifying the company, plaintiff did not comply with one condition, and by signing a release that destroyed the company's subrogation rights against the driver, plaintiff failed to comply with several others.

Plaintiff argues that his failure to comply did not prejudice defendant insurance company because he settled with the driver for the full amount of the driver's insurance policy, and the subrogation rights plaintiff released were probably of no value to defendant insurance company. Thus,

although plaintiff admits that he breached his contractual obligations to defendant insurance company, he claims the breaches were harmless.

A condition precedent is something that must occur before there is a right to performance. *MacDonald v Perry,* 342 Mich 578, 586; 70 NW2d 721 (1955). Whether harmless or not, plaintiff's failure to satisfy the conditions precedent prevents him from being able to state a cause of action in the courts to collect the insurance money he claims he is owed. Because there is no factual dispute that plaintiff did not comply with the conditions of the policy, not only did the trial court err in striking the affirmative defenses raising the issue, but it erred in not granting summary disposition to defendant insurance company pursuant to MCR 2.116(I)(2).

We need not consider whether the policy provisions violate public policy. Michigan has, by statute, invalidated policy provisions barring suits. MCL 500.2254; MSA 24.12254. However, to invoke this statutory provision, plaintiff must have exhausted any reasonable remedy for adjudicating his claim. *Id.*; see also *Bradt v Allstate Ins Co,* 21 Mich App 529; 175 NW2d 876 (1970). Plaintiff's failure to abide by the conditions of the policy does not prevent him from recovering under the policy, it only bars him from instituting a lawsuit. Plaintiff still has a right under the policy to compel arbitration of his claim, although plaintiff has previously not chosen to invoke the policy's arbitration provisions.

We remand to the trial court for entry of an order of dismissal with regard to defendant insurance company. We note that this dismissal is not an adjudication of the merits of plaintiff's claims against defendant insurance company, but only a

recognition that plaintiff cannot at this time seek redress for his claims in a court of law.[4]

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

---

[4] We do not decide whether plaintiff's settlement of his claims with the driver without defendant insurance company's consent rendered his losses beyond the coverage of the policy, because, even if covered, plaintiff cannot state a cause of action in the courts at this time.