LEE v AUTO-OWNERS INSURANCE COMPANY (ON REMAND)

Docket No. 175571. Submitted May 27, 1994, at Lansing. Decided December 29, 1994, at 9:10 A.M. Leave to appeal sought.

Blake Lee brought an action in the Ingham Circuit Court against Auto-Owners Insurance Company, his automobile insurer, after the defendant refused his claim for underinsured motorist benefits for an injury he sustained as a passenger in an automobile involved in an accident. The plaintiff, in contravention of the terms of the defendant's policy, had settled a claim against the driver and the driver's insurer and had signed a release that extinguished the defendant's rights of subrogation. The trial court, James R. Giddings, J., denied summary disposition for the defendant, rejecting the defendant's claim of release and striking several affirmative defenses based on the plaintiff's failure to abide by the terms of the defendant's policy. The defendant appealed. The Court of Appeals, MICHAEL J. KELLY, P.J., and MARILYN KELLY and CONNOR, JJ., affirmed the trial court's ruling with regard to the claim of release, but reversed the striking of the affirmative defenses and the denial of the defendant's motion for summary disposition. 201 Mich App 39 (1993). The Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals as on rehearing granted, directing the Court of Appeals to consider also what parts, if any, of the defendant's policy are affected by MCL 500.2254; MSA 24.12254. 445 Mich 906 (1994).

On remand, the Court of Appeals *held:*

1. The trial court's refusal to make the release effective with respect to the defendant must again be affirmed.

2. The trial court's denial of summary disposition for the defendant must again be reversed.

3. Upon reconsideration, the plaintiff does not have a right to arbitration of his claim against the defendant in light of his failure to comply with the terms of the defendant's policy.

4. MCL 500.2254; MSA 24.12254 has no effect on the defendant's policy.

Affirmed in part and reversed in part.

*Jan Paul Benedict,* for Blake Lee.

*Fraser Trebilcock Davis & Foster, P.C.* (by *C. Mark Hoover, Kathleen E. Kane,* and *Brian D. Herrington*), for Auto-Owners Insurance Company.

*Willingham & Coté, P.C.* (by *Ray Foresman, Anthony S. Kogut,* and *Curtis R. Hadley*), for Abood, Abood & Rheaume, P.C., and David P. Pasichnyk.

ON REMAND

Before: MICHAEL J. KELLY, P.J., and MARILYN KELLY and CONNOR, JJ.

CONNOR, J. This case is before us for the second time. Previously, we affirmed the trial court's dismissal of defendant insurance company's claim of release. We also reversed the trial court's denial of defendant insurance company's motion for summary disposition; we found that the trial court erred in striking the affirmative defenses related to plaintiff's failure to comply with the policy's conditions. We remanded the case to the trial court for entry of an order of dismissal with respect to defendant insurance company. See *Lee v Auto-Owners Ins Co,* 201 Mich App 39, 43; 505 NW2d 866 (1993).

In an order dated May 24, 1994, the Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court as on rehearing granted. The Supreme Court directed this Court to specify what parts of the insurance contract are affected by MCL 500.2254; MSA 24.12254 and explain that relationship in detail. 455 Mich 906 (1994). We again affirm the trial court's refusal to give effect to the release executed by plaintiff. In addition, we again reverse the trial court's denial

of defendant insurance company's motion for summary disposition. However, upon reconsideration, we rule that plaintiff does not have a right to arbitration of his claim against defendant insurance company.

As we indicated in our prior opinion, plaintiff was injured while riding in an automobile that was involved in an accident. Contrary to the terms of plaintiff's underinsured motorist policy, plaintiff sued the driver of the vehicle and subsequently settled with that individual. Part of the settlement included a release that eliminated defendant insurance company's rights of subrogation against the driver. Defendant insurance company was unaware of the lawsuit, settlement, and release.

In our original opinion, we stated that while plaintiff's failure to abide by the conditions of his insurance policy prevents him from suing defendant insurance company, he still has a right to compel arbitration of his claim. We now depart from that conclusion. Upon reconsideration, no public policy argument having been urged by the parties, we conclude that MCL 500.2254; MSA 24.12254 has no effect on the insurance contract. Further, we conclude that plaintiff is not entitled to arbitration in light of the fact that he failed to abide by the terms of his insurance contract; specifically, he initiated a lawsuit and settlement with the third-party tortfeasor without the knowledge or approval of defendant insurance company. Moreover, at no time did plaintiff assert a right to arbitration. Where, as here, the language of the policy is clear and unambiguous, a clause in the insurance contract that does not otherwise violate public policy must be enforced as written. *Raska v Farm Bureau Mutual Ins Co,* 412 Mich 355, 361-362; 314 NW2d 440 (1982).

Affirmed in part and reversed in part.