LEE v AUTO-OWNERS INSURANCE COMPANY
(ON SECOND REMAND)

Docket No. 175571. Submitted May 21, 1996, at Lansing. Decided September 10, 1996, at 9:15 A.M.

Blake Lee brought an action in the Ingham Circuit Court against Auto-Owners Insurance Company, his automobile insurer, seeking underinsured motorist benefits for injuries he sustained as a passenger in an automobile involved in an accident. The plaintiff had settled a claim against the driver and the driver's insurer and had signed a release that extinguished the defendant's right of subrogation, thereby violating the terms of the defendant's policy and implicating an exclusionary clause in the policy that provided that underinsured motorist coverage did not apply to bodily injury with respect to which the insured, without the consent of the defendant, had settled a claim against the party legally liable. The court, James R. Giddings, J., denied summary disposition for the defendant, rejecting the defendant's claim of release and striking several affirmative defenses based on the plaintiff's failure to abide by the terms of the defendant's policy. The defendant appealed. The Court of Appeals, MICHAEL J. KELLY, P.J., and MARILYN KELLY and CONNOR, JJ., affirmed the trial court's ruling with regard to the claim of release, but reversed the striking of the affirmative defenses and the denial of the defendant's motion for summary disposition. 201 Mich App 39 (1993). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals as on rehearing granted, directing the Court of Appeals to consider also what parts, if any, of the defendant's policy are affected by MCL 500.2254; MSA 24.12254. 445 Mich 908 (1994). The Court of Appeals, MICHAEL J. KELLEY, P.J., and MARILYN KELLY and CONNOR, JJ., again affirmed the trial court's ruling with regard to the claim of release and reversed the striking of the affirmative defenses and the denial of the defendant's motion for summary disposition. The Court of Appeals also determined that the plaintiff did not have a right to arbitration and that MCL 500.2254; MSA 24.12254 has no effect on the defendant's policy. 208 Mich App 207 (1994). The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals as on

rehearing granted, directing the Court of Appeals to consider and decide if a condition of prejudice should be incorporated into the exclusionary clauses in the defendant's policy. 451 Mich 874 (1996).

On second remand, the Court of Appeals *held*:

The exclusion in the defendant's policy must be enforced as written, without incorporating a condition of prejudice. Michigan courts have consistently upheld policy exclusions barring recovery of benefits where the insured releases a tortfeasor from liability without the insurer's consent, recognizing that such a release of liability destroys the insurer's right of subrogation.

Affirmed in part, reversed in part, and remanded to the trial court for entry of an order of dismissal with regard to Auto-Owners Insurance Company.

MARILYN KELLY, J., dissenting, stated that the breach of the consent-to-settlement provision, like the breach of any contractual provision, must be material in order to adversely affect a party's rights and that, unless the defendant can show prejudice, the plaintiff's failure to comply with the provision was not material and should not affect his right to underinsured motorist benefits.

INSURANCE — NO-FAULT — UNDERINSURED MOTORISTS — SETTLEMENTS.

A clear and specific provision in a no-fault policy excluding underinsured motorist coverage for bodily injury to an insured who reaches a settlement with the liable tortfeasor without the consent of the insurer will be enforced by a court without a requirement that the insurer show prejudice from the unauthorized settlement.

*Jan Paul Benedict,* for Blake Lee.

*Fraser Trebilcock Davis & Foster, P.C.* (by *C. Mark Hoover* and *Charyn K. Hain*), for Auto-Owners Insurance Company.

*Willingham & Coté, P.C.* (by *Ray Foresman* and *Anthony S. Kogut*), for Abood, Abood & Rheaume, P.C., and David P. Pasichnyk.

ON SECOND REMAND

Before: MICHAEL J. KELLY, P.J., and MARILYN KELLY and TAYLOR, JJ.

MICHAEL J. KELLY, P.J. This case is before us a third time, on second remand. We initially reversed the trial court's denial of defendant Auto-Owners' motion for summary disposition and affirmed the trial court's dismissal of Auto-Owners' claim of release. *Lee v Auto-Owners Ins Co*, 201 Mich App 39; 505 NW2d 866 (1993), vacated 445 Mich 906 (1994).

On the first remand, we determined that MCL 500.2254; MSA 24.12254 does not affect the insurance contract between plaintiff Lee and Auto-Owners and that plaintiff was not entitled to arbitration under the policy. *Lee v Auto-Owners Ins Co (On Remand)*, 208 Mich App 207; 527 NW2d 54 (1994). The Supreme Court, in lieu of granting leave to appeal, vacated our earlier judgment and remanded the case to this Court as on rehearing granted. 451 Mich 874 (1996). Our Supreme Court directed us to "consider and decide whether a condition of prejudice should be incorporated into the exclusionary clauses contained in the policy of insurance." We conclude that it should not and reverse the trial court's denial of summary disposition in favor of defendant Auto-Owners.

Plaintiff was a passenger in an automobile involved in an accident. He had underinsured/uninsured motorist coverage with defendant Auto-Owners for up to $50,000. Plaintiff's Auto-Owners policy provided that the uninsured motorist coverage "shall not apply . . . to bodily injury to an insured, or care or loss of services recoverable by an insured, with respect to which such insured, . . . shall, without written consent of the Company, make any settlement with any person or organization who may be legally liable therefor." Plaintiff sued the driver and subsequently settled for $20,000, the limits of the driver's policy.

Plaintiff entered into this settlement and discharged the driver from all future liability without the knowledge or approval of Auto-Owners.

Following the settlement, plaintiff sought personal injury protection (PIP) and underinsured motorist benefits from Auto-Owners. Auto-Owners paid plaintiff PIP benefits, but denied his claim for underinsured motorist coverage. Auto-Owners asserted that plaintiff's claim for underinsured motorist benefits was barred by his unauthorized settlement with the driver. Plaintiff moved for partial summary disposition to strike Auto-Owners' affirmative defenses. The trial court agreed with plaintiff's position that Auto-Owners would have to show prejudice in order to assert that plaintiff's breach of policy conditions barred him from recovering underinsured motorist benefits.

Michigan courts have consistently upheld policy exclusions barring recovery of benefits where the insured party releases a tortfeasor from liability without the insurer's consent, recognizing that such a release of liability destroys the insurance company's right to subrogation. *Flanary v Reserve Ins Co*, 364 Mich 73, 75; 110 NW2d 670 (1961); *Stolaruk v Central Nat'l Ins Co of Omaha*, 206 Mich App 444, 448-450; 522 NW2d 670 (1994); *Adams v Prudential Property & Casualty Ins Co*, 177 Mich App 543, 544-545; 442 NW2d 641 (1989); *Poynter v Aetna Casualty & Surety Co*, 13 Mich App 125, 128-129; 163 NW2d 716 (1968). A plaintiff's settlement with a negligent motorist or other responsible party destroys the insurance company's subrogation rights under the policy and bars the plaintiff's action for uninsured motorist benefits unless the insurer somehow waives the breach of the policy conditions. *Adams* at 544-545.

The language of Auto-Owners' policy exclusion is unambiguous and does not contravene Michigan law or public policy. Michigan law recognizes that an insured's release of a potentially liable tortfeasor is prejudicial to the insurer because such a release destroys any possibility that the insurer could recoup through its right to subrogation some of the amounts paid. *Flanary* at 75; *Adams* at 544-545; *Poynter,* at 128-129. There is no need to require Auto-Owners to actually prove prejudice resulting from the loss of its right to subrogation. Clear and specific exclusions contained in policy language must be given effect. *Allstate Ins Co v Keillor (After Remand),* 450 Mich 412, 417; 537 NW2d 589 (1995). The exclusion in Auto-Owners' policy must be enforced as written, without incorporating a condition of prejudice.

We remand to the trial court for entry of an order of dismissal with regard to defendant Auto-Owners Insurance Company.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

TAYLOR, J., concurred.

MARILYN KELLY, J. (*dissenting*). I respectfully dissent. The breach of a consent to settlement provision, like the breach of any other provision of a contract, must be material in order to adversely affect the parties' rights. *Walker & Co v Harrison,* 347 Mich 630, 634, 636; 81 NW2d 352 (1957).

In this case, plaintiff's failure to comply with the consent to settle clause was not material and did not defeat his right to recover underinsured benefits for which he had paid a premium unless defendant Auto-Owners can show that it was prejudiced.

I would hold that a condition of prejudice should be incorporated into the exclusionary clause in the policy of insurance under consideration. Therefore, I would affirm the trial court's denial of summary disposition for defendant Auto-Owners.