*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JUSTIN MATHIS,

       Plaintiff-Appellee,

v

JONATHAN THOMAS DEHAYES, ROBIN
DEHAYES, JOHN DOE, JANE DOE, and
KIMBERLY KAPP,

       Defendants,

and

ALLSTATE INSURANCE COMPANY and
ALLSTATE FIRE AND CASUALTY INSURANCE
COMPANY,

       Defendants-Appellants.

UNPUBLISHED
June 15, 2023

No. 360262
Macomb Circuit Court
LC No. 2019-004403-NI

Before: SWARTZLE, P.J., and CAVANAGH and LETICA, JJ.

PER CURIAM.

Defendants, Allstate Insurance Company and Allstate Fire and Casualty Insurance Company (Allstate), appeal as of right, challenging an order entered before the case was concluded that denied its motion for summary disposition brought under MCR 2.116(C)(7), (8), and (10), and granted plaintiff's motion to (1) preclude Allstate from relying on its insurance policy issued to plaintiff for any defense, and (2) strike Allstate's motion for summary disposition. We reverse and remand for proceedings consistent with this opinion.

## I. BACKGROUND

This case arises out of an automobile accident involving plaintiff and defendant, Jonathan Thomas DeHayes (DeHayes), where plaintiff was a passenger in his own vehicle. Plaintiff's vehicle was stopped at a red light at an intersection. When the light turned green, plaintiff's vehicle

proceeded north. DeHayes, who was driving a vehicle owned by defendant Kimberly Kapp, was traveling eastbound. DeHayes failed to stop at the red light at that intersection and struck plaintiff's vehicle. Plaintiff's vehicle was insured under an automobile insurance policy issued by Allstate which included optional uninsured and underinsured motorist (UM/UIM) coverage.

In October 2020, plaintiff filed a complaint against Allstate alleging that Allstate refused to pay UM/UIM benefits under the terms of the insurance policy. Plaintiff also asserted a third-party negligence claim against DeHayes, Kapp, and defendant Robin DeHayes. Plaintiff and Kapp accepted a case evaluation award of $3,000 against Kapp, which dismissed Kapp from the case.

Allstate then moved for summary disposition, arguing that plaintiff's acceptance of the case evaluation award, without its consent, triggered a policy exclusion that barred recovery for UM/UIM benefits under the insurance policy. In turn, plaintiff moved to preclude Allstate from using the insurance policy as evidence for any purpose. Plaintiff also requested the trial court to enter an order striking Allstate's motion for summary disposition because: (1) the motion was filed after the dispositive motion cutoff date; and (2) Allstate concealed and delayed the production of the insurance policy. The trial court denied Allstate's motion, explaining:

> If that's the only basis of [Allstate's] argument today is that we didn't give permission and to withhold the permission, disguise [sic] your opportunity is inappropriate.
>
> The Court's going to conclude here your failure to argue we needed to get permission to do it, give permission to the settlement with the tort feasor [sic] was waived by not asserting that as one of your affirmative defenses, was not disclosed during the course of your case evaluation and was not in fact brought to the attention of the [plaintiff] until after case evaluation . . . .
>
> Therefore, the Court is ruling that the acceptance/rejection remains in place. [Allstate] ha[s] waived their right to assert written notice of approval of settlement and cannot assert it as a defense any longer in this case, and that resolves all the issues. That concludes this matter. Summary disposition is denied.

The trial court granted plaintiff's motion, and ordered "the case evaluation award shall stand, however, Defendant Allstate has waived the affirmative defense of settlement with an uninsured under the policy and cannot assert such a defense in any proceeding in this case, including trial . . . [Allstate]'s Motion for Summary Disposition is denied."

Thereafter, a trial was conducted and a jury returned a verdict in favor of plaintiff, awarding him $30,000 in past damages and $50,000 in future damages. On January 20, 2022, the trial court entered an amended judgment awarding plaintiff a total judgment of $102,185.71, including: (1) $30,000 for past damages; (2) $31,155.53 for future damages; (3) prejudgment interest of

$1,203.18; (4) taxable costs of $6,227; and (5) reasonable attorney fees of $33,600. This appeal followed.[1]

## II. STANDARDS OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 45; 951 NW2d 64 (2020). "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). Documentary evidence is considered in a light most favorable to the nonmoving party and if there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. *Moraccini v City of Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012) (quotation marks and citations omitted).

"A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a complaint." *Liggett Restaurant Group, Inc v City of Pontiac*, 260 Mich App 127, 133; 676 NW2d 633 (2003). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(8) may only be granted "where the claims alleged are 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.' " *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999) (citation omitted).

A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil*, 504 Mich at 160. Documentary evidence is considered in a light most favorable to the nonmoving party and when the evidence fails to establish a genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law. *Bonner v City of Brighton*, 495 Mich 209, 220-221; 848 NW2d 380 (2014) (citation omitted); *Maiden*, 461 Mich at 120. A genuine issue of material fact exists "when reasonable minds can differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgmt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). Because the trial court did not specify which section of MCR 2.116(C) it "relied on as the basis for its decision," "and the trial court relied on documentary evidence beyond the pleadings" in denying summary disposition, "[t]his Court should construe the motion as having been granted [or denied] pursuant to MCR 2.116(C)(10)." *Wayne Co v Plymouth Charter Twp*, 240 Mich App 479, 479 n 2; 612 NW2d 440 (2000).

"This Court also reviews de novo the interpretation of statutes, court rules, and legal doctrines." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020).

---

[1] Plaintiff challenged this Court's jurisdiction in a motion to dismiss, which we denied. *Mathis v Dehayes*, unpublished order of the Court of Appeals, entered April 28, 2022 (Docket No. 360262). The January 20, 2022 order was a final order appealable as of right under MCR 7.202(6)(a)(i) because the amended order substantively altered the November 18, 2021 judgment by reducing future damages to present value and adding attorney fees and costs.

"Moreover, questions involving the proper interpretation of a contract or the legal effect of a contractual clause are also reviewed de novo." *Id*. (quotation marks and citation omitted).

This Court "review[s] a trial court's imposition of discovery sanctions for an abuse of discretion." *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 659; 819 NW2d 28 (2011). "The trial court abuses its discretion when it chooses an outcome outside the range of principled outcomes." *Gueye v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358992); slip op at 5. "Any factual findings underlying the trial court's decision are reviewed for clear error." *Id*. "A finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted). Finally: "A trial court's decision whether to admit evidence is reviewed for an abuse of discretion, but preliminary legal determinations of admissibility are reviewed de novo. The admission or exclusion of evidence because of an erroneous interpretation of law is necessarily an abuse of discretion." *Shivers v Covenant Healthcare Sys*, 339 Mich App 369, 373; 983 NW2d 427 (2021) (citations and quotation marks omitted).

## III. ANALYSIS

Allstate argues that the trial court erred in denying its motion for summary disposition and holding that Allstate was precluded from relying on the provision of its insurance policy excluding UM/UIM benefits when an insured enters a settlement with the uninsured tortfeasor without Allstate's consent. We agree.

MCL 500.3101 *et seq*. does not require UM/UIM benefits coverage. *Gueye*, ___ Mich App at ___; slip op at 3. As such, the terms of the insurance policy control any potential entitlement to UM/UIM benefits. *Id*. "An insurance policy that is clear and unambiguous must be enforced in accordance with its terms." *Stoddard v Citizens Ins Co of America*, 249 Mich App 457, 460; 643 NW2d 265 (2002). "Where the terms of an insurance policy are ambiguous, the ambiguity must be construed against the insurer and in favor of the insured." *Id*. "Michigan courts have consistently upheld policy exclusions barring recovery of benefits where the insured party releases a tortfeasor from liability without the insurer's consent, recognizing that such a release of liability destroys the insurance company's right to subrogation." *Lee v Auto-Owners Ins Co*, 218 Mich App 672, 675; 554 NW2d 610 (1996). "A plaintiff's settlement with a negligent motorist or other responsible party destroys the insurance company's subrogation rights under the policy and bars plaintiff's action for uninsured motorist benefits unless the insurer somehow waives the breach of the policy conditions." *Id*.

In this case, the insurance policy states, in relevant part:

**We** will not pay any damages an **insured person** is legally entitled to recover because of:

1.     **bodily injury** to any person who makes a settlement without **our** written consent unless:

        a)     **our** consent was requested and we did not respond within a reasonable amount of time; or

b) **our** consent was unreasonably withheld.

As such, a claimant seeking UM/UIM benefits must request Allstate's consent before settling with an uninsured tortfeasor. "Generally, an insurance policy provision is valid as long as it is clear, unambiguous and not in contravention of public policy." *Cruz v State Farm Mut Auto Ins Co*, 241 Mich App 159, 168-169; 614 NW2d 689 (2000) (quotation marks and citations omitted). The language of Allstate's policy exclusion is unambiguous, because it clearly states that Allstate will not pay any damages to an insured person who makes a settlement without Allstate's consent unless its consent was requested and Allstate either did not respond in a reasonable time or unreasonably withheld consent. Allstate's policy exclusion does not contravene Michigan law or public policy. "Michigan law recognizes that an insured's release of a potentially liable tortfeasor is prejudicial to the insurer because such a release destroys any possibility that the insurer could recoup some of the amounts paid via its right to subrogation." *Lee*, 218 Mich App at 676. Therefore, Allstate's insurance policy must be enforced as written and the specific exclusion contained in the insurance policy must be given effect. See *id*.

There is no dispute that plaintiff entered into a mutual acceptance of the case evaluation award with Kapp without obtaining Allstate's consent. The mutual acceptance of the case evaluation award is a settlement. *Larson v Auto-Owners Ins Co*, 194 Mich App 329, 332; 486 NW2d 128 (1992) ("In general, the purpose of MCR 2.403 is to expedite and simplify the final settlement of cases to avoid a trial. . . . An accepted mediation evaluation serves as a final adjudication of the claims mediated, and is therefore binding on the parties similar to a consent judgment or settlement agreement.") (citations omitted). Therefore, under the clear and unambiguous language of the insurance policy, plaintiff breached the insurance contract—that he sought to recover benefits under—and is not entitled to recover UM/UIM benefits from Allstate, unless Allstate waived the consent requirement.

A waiver "is the intentional relinquishment of a known right that may be shown by express declarations or by declarations that manifest the parties' intent and purpose." *Reed Estate v Reed*, 293 Mich App 168, 176; 810 NW2d 284 (2011) (quotation marks and citations omitted). The trial court determined that Allstate waived its right to assert the consent requirement stating, in relevant part:

> The Court's going to conclude here your failure to argue we needed to get permission to do it, give permission to the settlement with the tort feasor [sic] was waived by not asserting that as one of your affirmative defenses, was not disclosed during the course of your case evaluation and was not in fact brought to the attention of the [plaintiff] until after case evaluation . . .
>
> Therefore, the Court is ruling that the acceptance/rejection remains in place. [Allstate] ha[s] waived their right to assert written notice of approval of settlement and cannot assert it as a defense any longer in this case, and that resolves all the issues. That concludes this matter. Summary disposition is denied.

However, there is no evidence Allstate waived its right to assert the consent requirement. Instead, the trial court seems to infer Allstate waived the consent requirement by not informing plaintiff of said requirement in its affirmative defenses and during case evaluation. Generally, Michigan

courts have held mere silence cannot be the basis for waiver, and instead, a plaintiff must present clear and convincing evidence of a mutual agreement to a waiver. *Quality Prods & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 372, 377-378; 666 NW2d 251 (2003). And here, there is no evidence that Allstate waived its right to assert the consent requirement. Under the terms of the insurance policy that plaintiff was pursuing UM/UIM benefits under, plaintiff was required to obtain Allstate's consent before settling with Kapp. Plaintiff failed to obtain Allstate's consent before settling with Kapp, and therefore, Allstate is not obligated to pay UM/UIM benefits. Accordingly, the trial court erred in denying Allstate's motion for summary disposition.

Plaintiff asserts that Allstate should be equitably estopped from asserting the consent requirement as a defense. The doctrine of equitable estoppel arises when:

> (1) a party by representation, admissions, or silence, intentionally or negligently induces another party to believe facts; (2) the other party justifiably relies and acts on this belief; and (3) the other party will be prejudiced if the first party is permitted to deny the existence of the facts. [*Williamstown Twp v Sandalwood Ranch, LLC*, 325 Mich App 541, 553; 927 NW2d 262 (2018) (citation omitted).]

"Equitable estoppel is not an independent cause of action, but instead a doctrine that may assist a party by precluding the opposing party from asserting or denying the existence of a particular fact." *Conagra, Inc v Farmers State Bank*, 237 Mich App 109, 140-141; 602 NW2d 390 (1999). Within the context of estoppel, "[t]here are some circumstances . . . wherein justice requires that a person be treated *as though* he had waived a right where he has done some act inconsistent with the assertion of such right and without regard to whether he knew he possessed it." *Reed Estate*, 293 Mich App at 177 (quotation marks and citations omitted).

Plaintiff contends that Allstate's failure to provide the insurance policy forced plaintiff to participate in, and accept, the case evaluation award, which he would not have done if Allstate produced the insurance policy. Plaintiff's argument is unavailing because, as the insured, plaintiff was obligated to read his insurance policy—under which he was seeking UM/UIM benefits. "[T]he law applied in Michigan leaves no room to doubt that as a general rule, an insured must read his or her insurance policy." *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 29; 761 NW2d 151 (2008). Moreover, our Supreme Court "has many times held that one who signs a contract will not be heard to say, when enforcement is sought, that he did not read it, or that he supposed it was different in its terms." *Farm Bureau Mut Ins Co of Mich v Nikkel*, 460 Mich 558, 567-568; 596 NW2d 915 (1999) (quotation marks and citation omitted). Relatedly, this Court explained in *Casey v Auto Owners Ins Co*, 273 Mich App 388, 394-395; 729 NW2d 277 (2006):

> It is well established that an insured is obligated to read his or her insurance policy and raise any questions about the coverage within a reasonable time after the policy is issued. Consistent with this obligation, if the insured has not read the policy, he or she is nevertheless charged with knowledge of the terms and conditions of the insurance policy.

Plaintiff's claim that he did not know about the consent requirement in his insurance policy is unavailing. Plaintiff's claim against Allstate was, in fact, for UM/UIM benefits pursuant to that

same insurance policy. As the insured under the insurance policy, plaintiff is "charged with the knowledge of the terms and conditions of the insurance policy" and cannot claim Allstate's failure to produce the insurance policy was the reason he did not know about the consent requirement before settling with Kapp. See *id*.

Plaintiff also argues that Allstate failed to disclose the insurance policy in its initial disclosures in violation of MCR 2.302(A), and as such, the trial court properly sanctioned Allstate under MCR 2.313(C). MCR 2.302(A) states, in relevant part:

**(A) Required Initial Disclosures.**

(1) *In General*. Except as exempted by these rules, stipulation, or court order, a party must, without awaiting a discovery request, provide to the other parties:

* * *

(g) a copy (or an opportunity to inspect a copy) of pertinent portions of any insurance, indemnity, security equivalent, or suretyship agreement under which another person may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment, including self-insured retention and limitations on coverage, indemnity, or reimbursement for amounts available to satisfy a judgment[.]

Relatedly, MCR 2.313(C) states:

**(C) Failure to Disclose, Supplement, or Admit.**

(1) *Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by MCR 2.302(A) or (E), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(a) may order payment of the reasonable expenses, including attorney fees, caused by the failure;

(b) may inform the jury of the party's failure; and

(c) may impose other appropriate sanctions, including any of the orders listed in MCR 2.313(B)(2)(a)-(c).

Plaintiff mistakenly relies on MCR 2.302(A) for the proposition that Allstate was required to produce the insurance policy in its initial disclosures. However, MCR 2.302(A)(1)(g) does not apply because the insurance policy at issue was a contract between plaintiff and Allstate. MCR 2.302(A)(1)(g) requires a party to provide, unprompted, a copy of pertinent portions of any insurance, indemnity, security equivalent, or suretyship agreement "*under which another person may be liable* to satisfy all or part of a possible judgment in the action or to indemnify or reimburse

-7-

for payments made to satisfy the judgment." In this case, plaintiff brought a contract claim against Allstate for failing to pay UM/UIM benefits under that contract—the insurance policy. As such, this is not a situation where another person would be liable for Allstate's failure to pay UM/UIM benefits to plaintiff.

Finally, if the trial court precluded Allstate from asserting its consent-requirement defense as a discovery sanction, it abused its discretion in doing so. MCR 2.313(B)(2) governs the imposition of discovery sanctions and states, in relevant part:

> If a party or an officer, director, or managing agent of a party, or a person designated . . . to testify on behalf of a party, fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may order such sanctions as are just, including, but not limited to the following:
>
> (a) an order that the matters regarding which the order was entered or other designated facts may be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (b) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters into evidence;
>
> (c) an order striking pleadings or parts of pleadings, staying further proceedings until the order is obeyed, dismissing the action or proceeding or a part of it, or rendering a judgment by default against the disobedient party[.] [MCR 2.313(B)(2)(a) through (c).]

In *Maldonado v Ford Motor Co*, 476 Mich 372, 375; 719 NW2d 809 (2006), our Supreme Court "affirm[ed] the authority of trial courts to impose sanctions appropriate to contain and prevent abuses so as to ensure the orderly operation of justice."

In this case, plaintiff moved to compel Allstate to answer discovery requests, including producing the insurance policy. In response, Allstate consented to a proposed stipulated order to compel. Plaintiff agreed to the proposed stipulated order "only if [Allstate] will email us today the pertinent insurance coverage information verifying the relevant policy in effect on the date of loss including but not limited to the dates the policy was in effect and limits[.]" Allstate sent the insurance policy to plaintiff, and the trial court entered the stipulated order to compel. "Ultimately, the [trial court's] chosen discovery sanction must be proportionate and just." *Hardrick*, 294 Mich App at 662 (quotation marks and citation omitted). Striking Allstate's consent-requirement defense as a discovery sanction was not proportionate or just. As previously mentioned, plaintiff was charged with the knowledge of the terms and conditions of the insurance policy—through which he claimed entitlement to benefits—and cannot claim that Allstate's failure to produce the insurance policy was the reason he did not know about the consent requirement before settling with Kapp. Further, the evidence established that Allstate sent the insurance policy on December 10, 2020, which was before plaintiff accepted the case evaluation award with Kapp. Moreover, plaintiff's settlement with Kapp prejudiced Allstate because "such a release destroys any possibility that the insurer could recoup some of the amounts paid via its right to subrogation."

-8-

*Lee*, 218 Mich App at 676.  As such, the trial court abused its discretion when it precluded Allstate from asserting its consent-requirement defense as a discovery sanction.

Reversed and remanded for entry of an order granting Allstate's motion for summary disposition and vacating the amended judgment in plaintiff's favor.  We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Anica Letica